IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FREDDIE CAGLE, <br><br> Plaintiff, <br><br> V. <br><br> NATIONAL INDEMNITY COMPANY OF THE SOUTH, and OLD REPUBLIC INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 2:23-CV-140-RWS |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, Freddie Cagle, by and through counsel, and for his cause of action would show as follows:

**BACKGROUND**

This is a direct action against National Indemnity Company of the South ("National Indemnity") and Old Republic Insurance Company ("Old Republic") to collect an unpaid final judgment of $4,565,120.42, plus interest at the statutory rate, ordered by the Honorable Richard W. Story, United States District Judge, on February 14, 2023.

The final judgment is against, *inter alia*, One Way Hauling Express Co. (hereinafter "One Way Hauling"), the named insured in policies issued by National Indemnity and Old

1

Republic.

A direct action against National Indemnity and Old Republic, as a result of the final judgment against their insured, One Way Hauling, is allowed under both federal law and regulation (49 U.S.C. § 13906 and 49 C.F.R. § 387).

Plaintiff seeks a declaratory judgement that National Indemnity and Old Republic are liable for the final judgment under the MCS-90 endorsement(s) attached to the policies issued to their insured, One Way Hauling.

Any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking a declaration, whether or not further relief is or could be sought, where there is an actual controversy within the court's jurisdiction. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201, et seq.

## SERVICE, VENUE, AND JURISDICTION

1. Freddie Cagle is an individual residing and domiciled in Franklin County, Georgia.

2. National Indemnity is a foreign for-profit insurance company registered with the Georgia Office of Insurance and Safety Fire Commissioner. National Indemnity is incorporated or otherwise organized as a business entity in Iowa and has its principal place of business in Nebraska.

3. According to the Georgia Secretary of State, National Indemnity can be

served with a copy of this Complaint and Summons through its Registered Agent for service at:

> Andrea Conarro, Esq.
> Law Office of Andrea Conarro, LLC
> 439 South Park Street, Unit A
> Dahlonega, GA 30533

4. National Indemnity transacts business throughout Georgia including counties located within the Gainesville Division of the Northern District of Georgia. National Indemnity has numerous significant contacts with the state of Georgia and has purposefully availed itself of, and the issues involved arose from the benefits, and pecuniary benefits of, doing business in Georgia. More specifically, it is reasonable to find specific and general jurisdiction because:

   a. National Indemnity is registered with and licensed by the Georgia Office of Insurance and Safety Fire Commissioner;

   b. National Indemnity markets to Georgia residents and corporations;

   c. National Indemnity has sent employees to Georgia;

   d. National Indemnity sells insurance policies to Georgia customers;

   e. National Indemnity receives payments and profits from Georgia residents; and

   f. National Indemnity insures motor carriers, including One Way Hauling, that transact business in Georgia and receives premium payments from them.

5. Old Republic is a foreign for-profit insurance company registered with the Georgia Office of Insurance and Safety Fire Commissioner. Old Republic is incorporated

or otherwise organized as a business entity in Pennsylvania and has its principal place of business in Pennsylvania.

6. According to the Georgia Secretary of State, Old Republic can be served with a copy of this Complaint and Summons through its Registered Agent for service at:

> The Prentice-Hall Corporation System
> 2 Sun Court, Suite 400
> Peachtree Corners, GA 30092

7. Old Republic transacts business throughout Georgia including counties located within the Gainesville Division of the Northern District of Georgia. Old Republic has numerous significant contacts with the state of Georgia and has purposefully availed itself of, and the issues involved arose from the benefits, and pecuniary benefits of, doing business in Georgia. More specifically, it is reasonable to find specific and general jurisdiction because:

   a. Old Republic is registered with and licensed by the Georgia Office of Insurance and Safety Fire Commissioner;

   b. Old Republic markets to Georgia residents and corporations;

   c. Old Republic has sent employees to Georgia;

   d. Old Republic sells insurance policies to Georgia customers;

   e. Old Republic receives payments and profits from Georgia residents; and

   f. Old Republic insures motor carriers, including One Way Hauling, that transact business in Georgia and receives premium payments from them.

8. Jurisdiction is appropriate in this court pursuant to 28 U.S.C. §§ 1331 and

1332 because interpretation of an MCS-90 endorsement raises a federal question and because of diversity of citizenship between Plaintiff and Defendant(s) and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Jackson County, Georgia, within the jurisdiction of the Gainesville Division of the Northern District of Georgia.

## PROCEDURAL HISTORY AND FACTS

10. The MCS-90 is a mandatory endorsement to all motor carrier insurance policies and provides that "the judgment creditor may maintain an action in any court of competent jurisdiction against the [insurance] company to compel such payment."

11. This action arises out of a crash that occurred in Jackson County, Georgia on July 16, 2019 involving Plaintiff, Freddie Cagle, and a tractor-trailer operated by Isidro Alex Lobaina Loyola ("Loyola").

12. At the time of the crash, Plaintiff was operating a Dodge Caravan, a personal vehicle.

13. Plaintiff was not an occupant of the tractor-trailer operated by Loyola.

14. Plaintiff was not an employee of One Way Hauling.

15. Plaintiff, at no time, performed any activity that directly affected commercial motor vehicle safety for One Way Hauling or any other motor carrier.

16. On March 5, 2021, Plaintiff filed a Complaint in the U.S. District Court for

the Northern District of Georgia, Gainesville Division, Case No. 2:1-cv-00052-RWS, alleging claims of negligence in the operation of a motor vehicle in interstate commerce against, *inter alia*, Loyola.  See **Exhibit 1** (Complaint).

17.   On July 7, 2021, Plaintiff filed a First Amended Complaint alleging additional claims of negligence in the operation of a motor vehicle in interstate commerce against, *inter alia*, One Way Hauling.  See **Exhibit 2** (First Amended Complaint).

18.   More specifically, the First Amended Complaint alleged the following regarding Defendants' National Indemnity and Old Republic's insured, One Way Hauling, and Loyola:

  a. One Way Hauling was subject to the Federal Motor Carrier Safety Regulations on July 16, 2019.  *Id*. at ¶ 150.

  b. One Way Hauling was a motor carrier as defined by FMCSR § 390.5, registered with the U.S. Department of Transportation under DOT number 2479972.  *Id*. at ¶ 153.

  c. One Way Hauling was an interstate commercial motor vehicle carrier based out of Florida.  *Id*. at ¶ 154.

  d. Loyola was an employee as defined by FMCSR § 390.5 of One Way Hauling.  *Id*. at ¶ 157.

  e. One Way Hauling hired and paid Loyola to operate the tractor-trailer on July 16, 2019.  *Id*. at ¶ 178.

  f. One Way Hauling negligently hired, trained, entrusted a commercial motor vehicle to, and retained Loyola.  *Id*. at ¶¶ 177-90.

  g. On July 16, 2019, Loyola was conducting business on behalf of and for the benefit of One Way Hauling.  *Id*. at ¶ 234.

    h. Loyola was acting as an agent, servant, and employee of One Way Hauling and was operating the tractor-trailer within the scope and course of his employment with One Way Hauling and in furtherance of the business of One Way Hauling. *Id*. at ¶ 235.

    i. One Way Hauling is vicariously liable for the acts of Loyola on July 16, 2019, under the legal doctrines of respondeat superior, imputed negligence, and agency. *Id*. at ¶ 237.

19. On October 29, 2021, the Clerk of Court entered an entry of default against One Way Hauling. *See* **Exhibit 3**.

20. On February 14, 2023, following a bench trial, the Honorable Richard W. Story, United States District Judge, entered Findings of Fact and Conclusions of Law, including findings relating to the nature and extent of Plaintiff's bodily injuries as a result of the crash. *See* **Exhibit 4** at 17-31.

21. The Court concluded that the "Defendants in Default [including One Way Hauling] are liable for the damages arising from their own negligence, and because they employed Loyola at the time of the accident, they are also vicariously liable to Plaintiff for Loyola's liability." *Id*. at 42.

22. The Court further concluded that the "Defendants in Default [including One Way Hauling] engaged in a practice whereby they attempted to circumvent FMCSA oversight by using common management, common control and…familial relationships to mask and conceal the noncompliance and the history of noncompliance [with federal motor carrier safety regulations]," a practice known as "'chameleon carriers' or reincarnated carriers." *Id*. at 40.

23. The Court further concluded that "Plaintiff shall have a judgment against Defendants in Default…[including One Way Hauling] for: [c]ompensatory damages of $1,505,400.21 (50% of the total award for medical expenses and pain and suffering); [p]unitive damages of $250,000.00; and [a]ttorney's fees of $1,304.320." *Id*. at 43.

24. The Court further concluded that "Defendants in Default [including One Way Hauling] are vicariously liable to Plaintiff for Defendant Loyola's liability [in the amount of $1,505,400.21]" for a "…total judgment against the Defendants in Default [in the amount of] $4,565,120.42…." *Id*.

25. A Final Judgment was entered on February 15, 2023, wherein it was Ordered and Adjudged that Plaintiff shall have a total judgment against the Defendants in Default, including One Way Hauling, in the amount of $4,565,120.42. *See* **Exhibit 5**.

26. Pursuant to O.C.G.A. § 7-4-12, "[a]ll judgments in [Georgia] shall bear annual interest upon the principal amount recovered at a rate equal to the prime rate as published by the Board of Governors of the Federal Reserve System…on the day the judgment is entered plus 3 percent."

27. Alternatively, interest on liquidated amounts, where the rate is not established pursuant to contract is 7% annum. *See* O.C.G.A. § 7-4-2.

28. One Way Hauling was a Florida Corporation that at all relevant times was a U.S. Department of Transportation ("DOT") authorized Interstate Motor Carrier.

29. One Way Hauling was required by the Federal Motor Carrier Safety

Regulations ("FMCSR") to demonstrate that it had financial responsibility in an amount not less than $750,000.00 in order to operate in interstate commerce. (49 U.S.C. § 31139(b)(2); 49 C.F.R. § 387.7(a)).

30. The DOT requires motor carriers to have proof of financial responsibility by requiring a Form MCS-90 endorsement on motor carrier insurance policies. (49 U.S.C. §§ 13906 and 31139(b); 49 C.F.R. §§ 387.7(d)(1), 387.15 and 387.313).

31. On about May 5, 2019, National Indemnity issued Motor Carrier Insurance Policy Number 74 TRS 100541 ("National Indemnity Policy") to One Way Hauling. *See* **Exhibit 6**.

32. The named insured on the National Indemnity Policy was One Way Hauling.

33. The National Indemnity Policy included a mandatory MCS-90 endorsement.

34. One Way Hauling was the named insured on the MCS-90 endorsement attached to the National Indemnity Policy.

35. The National Indemnity Policy for One Way Hauling was in full force and effect on July 16, 2019 (date of the crash) and at all relevant times.

36. A claim was submitted to National Indemnity for payment.

37. National Indemnity refused to pay the claim, and by correspondence dated May 6, 2020, claimed that the tractor-trailer involved in the crash "…was not a scheduled vehicle under [the] policy [issued to One Way Hauling], nor was it owned by One Way Hauling…." *See* **Exhibit 7**.

38.     According to records produced by the Federal Motor Carrier Safety Administration ("FMCSA"), the agency charged with recording and monitoring motor carrier insurance compliance, Old Republic issued Motor Carrier Insurance Policy/Surety Number Z-35726 ("Old Republic Policy/Surety") to One Way Hauling on about June 14, 2019:



**FMCSA Motor Carrier**
USDOT Number: 2479972
Docket Number: MC858994
Legal Name: ONE WAY HAULING EXPRESS CO
DBA (Doing-Business-As) Name

**Insurance History:**

Form: 91X          Type: BIPD/Primary
Policy/Surety Number: Z-35726          Coverage From $0   To: $1,000,000
Effective Date From: 06/14/2019          To: 10/12/2019          Disposition: Cancelled

Insurance Carrier: OLD REPUBLIC INSURANCE COMPANY
Attn:
Address: 307 N. MICHIGAN AVE. 17TH FLOOR
CHICAGO, IL 60601 US
Telephone: (800) 621 - 0365     Fax: (724) 834 - 4025

*See* **Exhibit 8**.

39.     According to the FMCSA record, the named insured on the above-referenced Old Republic Policy/Surety was One Way Hauling. *Id*.

40.     Upon information and belief, the Old Republic Policy/Surety included a mandatory MCS-90 endorsement. *Id*.

41.     Upon information and belief, One Way Hauling was the named insured on the MCS-90 endorsement attached to the Old Republic Policy/Surety. *Id*.

42.     Upon information and belief, the Old Republic Policy/Surety for One Way

Hauling was in full force and effect on July 16, 2019 (date of the crash) and at all relevant times. *Id*.

43. None of the Defendants in Default were self-insured.

44. Alternatively, as a mandatory endorsement, the MCS-90 is attached and incorporated to each of the above-referenced insurance policies by operation of law.

45. The MCS-90 endorsement attached to the National Indemnity Policy and Old Republic Policy/Surety is in the amount of at least $750,000. (49 C.F.R. § 387.9 – Table 1).

46. One Way Hauling was at all relevant times a for-profit commercial interstate motor carrier operating its property carrying tractor-trailer in interstate commerce on the day of the wreck causing damages, to include bodily injury, to the Plaintiff.

47. In its Findings of Fact and Conclusions of Law, entered on February 14, 2023, the Court determined that "…the facts alleged in the Complaint [Dkt. 1] and Amended Complaint [Dkt. 56] which pertains to Defendants in Default are deemed admitted and specifically incorporated [therein]." *See* **Exhibit 4** at 3-4.

48. The Court determined that "[Defendants in Default] liability to Plaintiff is deemed established…and [t]he allegations of the Complaint, except as to the amount of damages, are taken as true." *Id*. at 5.

49. The Court further determined that "Defendants in Default are liable to Plaintiff on Plaintiff's claims for negligent hiring, training, entrustment, retention and

maintenance….” *Id*.

50. The Court further specifically determined that on July 16, 2019 (date of the crash), One Way Hauling:

    a. Was engaged in interstate commerce as a motor carrier;

    b. Was engaged in carrying property in interstate commerce; and

    c. Was operating a commercial motor vehicle.

*Id*. at 16.

51. The Court further determined that Plaintiff was a member of the public. *Id*.

52. One Way Hauling has not paid the Final Judgment nor the interest.

53. National Indemnity has not paid the Final Judgment nor the interest.

54. Old Republic has not paid the Final Judgment nor the interest.

55. No other person or entity has paid any amount on the Final Judgment.

56. National Indemnity insured One Way Hauling and is responsible for payment of the Final Judgment under the MCS-90 endorsement.

57. Old Republic insured One Way Hauling and is responsible for payment of the Final Judgment under the MCS-90 endorsement.

58. Pursuant to the MCS-90 endorsement, National Indemnity agreed to pay, within the limits of insurance any judgment against One Way Hauling for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles.

59. Pursuant to the MCS-90 endorsement, Old Republic agreed to pay, within

the limits of insurance any judgment against One Way Hauling for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles.

60. The mandatory MCS-90 endorsement provides that:

…

"[T]he insurer (the company) agrees to pay, within the limits of liability described herein, any **final judgment** recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles … **regardless of whether or not each motor vehicle is specifically described in the policy**…

…

Upon failure of [the insurer] to pay any final judgment recovered against the insured as provided herein, **the judgment creditor may maintain an action in any court of competent jurisdiction against the [insurer] to compel such payment**.

*See* **Exhibit 9** (emphasis added); *see also* 49 C.F.R. § 387.15.

61. By virtue of the foregoing, National Indemnity is liable to Plaintiff for the full amount of the MCS-90 endorsement as set forth above and for such other damages as may be shown as appropriate in law and equity.

62. By virtue of the foregoing, Old Republic is liable to Plaintiff for the full amount of the MCS-90 endorsement as set forth above and for such other damages as may be shown as appropriate in law and equity.

**WHEREFORE**, premises considered, Plaintiff demands that:

a. Judgment be entered against National Indemnity for the full amount of the judgment owed by One Way Hauling, or the stated limit of the MCS-90

endorsement, whichever is less;

b. Judgment be entered against Old Republic for the full amount of the judgment owed by One Way Hauling, or the stated limit of the MCS-90 endorsement, whichever is less;

c. Post-judgment interest at the prime rate in effect on the date of the judgment plus three percent (3%);

d. Attorneys' fees, costs and expenses as allowed by this Court; and

e. For all such further and general relief to which he may be entitled.

This 25th day of July, 2023.

Respectfully submitted,

**TRUCK WRECK JUSTICE, PLLC**

*/s/ Danny R. Ellis, Esquire*
Georgia Bar No. 924074
danny@truckwreckjustice.com
1419 Market Street
Chattanooga, TN  37402
Telephone:(423) 265-2020
Fax:(423) 265-2025

**STEWART, MELVIN & FROST, LLP**
*/s/ Mark Alexander, Esq.*
Georgia Bar No. 008930
malexander@smf-law.com
P. O. Box 3280
Gainesville, GA 30503
Telephone: (770) 536-0101
Fax: (678) 207-2002

*/s/ Andrew Gould, Esq.*
Georgia Bar No. 826368
andrew@princemay.com
**Princenthal, May & Wilson, LLC**
750 Hammond Dr., Bldg 12
Sandy Springs, GA 30328
Telephone: (678) 534-1980
Fax: (404) 806-0624

*Attorneys for Plaintiff*