IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FREDDIE CAGLE ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | 2:23-CV-140-RWS |
| v. ) | |
| ) | |
| NATIONAL INDEMITY COMPANY ) | |
| OF THE SOUTH, and OLD REPBULIC ) | |
| INSURANCE COMPANY. ) | |
| ) | |
| Defendants. ) | |

## OLD REPUBLIC INSURANCE COMPANY'S BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Defendant Old Republic Insurance Company ("Old Republic"), by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and hereby files this Brief in support of its Motion to Dismiss showing the Court as follows:

## INTRODUCTION

Plaintiff's Complaint for Declaratory Judgment seeks to collect insurance proceeds from two insurers as a result of a final judgment against One Way Hauling Express Co. ("One Way") in Civil Action No. 2:21-cv-52-RWS ("the Underlying Action"). Specifically, Plaintiff seeks to recover from Old Republic based entirely on a MCS-90 endorsement to the Old Republic Policy No. Z-35726 and not the policy itself. However, One Way is not a named insured under Old Republic Policy

No. Z-35726, Old Republic Policy No. Z-35726 did not include a MCS-90 Endorsement for One Way, and the MCS-90 Endorsement relied upon by Plaintiff and attached to the Complaint for Declaratory Judgment was issued to Total Logistics Control, LLC. (See Complaint generally; Exhibit 9 attached to Plaintiff's Complaint.) Based on the foregoing, dismissal of Plaintiff's Complaint as to Old Republic is appropriate.

## STATEMENT OF FACTS

Plaintiff filed the Underlying Action (Civil Action No. 2:21-cv-52-RWS) on March 5, 2021 as a result of a July 16, 2019 motor vehicle accident. (Exhibit 1, attached to Plaintiff's Complaint). Plaintiff's original Complaint named Wesco Insurance Company, King's Way USA Transport, Inc., First Time Transport, Inc. and Isidro Alex Lobaina Loyola as defendants. (Id.) Plaintiff amended his original Complaint on July 7, 2021 to add One Way Hauling Express Company, Old Republic Insurance Company, AC Nationwide Transport, LLC, Ariel Calzada, and Isabel Cordero as defendants. (Exhibit 2, attached to Plaintiff's Complaint). Plaintiff added Old Republic under the theory that it provided insurance coverage to One Way Hauling Express Company for the July 16, 2019 motor vehicle accident. (Id.)

Ultimately, Old Republic was dismissed from the Underlying Action pursuant to a consent motion of all parties, including Plaintiff Freddie Cagle. (See Consent

Motion to Dismiss Old Republic Insurance Company without Prejudice attached hereto as Exhibit A). The Consent Motion stated that Old Republic provided a copy of Policy No. Z-35726 to Plaintiff's counsel and confirmed that One Way is not the named insured under the policy. (Exhibit A, ⁋ 5). Although Plaintiff conveniently elected to not attach Old Republic Policy No. Z-35726 to his Complaint, it is clear the policy identifies Ryder System, Inc. ("Ryder"), not One Way, as the named insured under the policy. (See Old Republic Policy No. Z-35726 attached hereto as Exhibit B). Following the dismissal of Old Republic, Plaintiff proceeded to obtain a judgment against One Way as a result of the subject accident. Now, Plaintiff seeks to recover on that judgment.

While Plaintiff alleges "upon information and belief", One Way was the named insured on the MCS-90 endorsement attached to Old Republic Policy No. Z-35726, Plaintiff does include any MCS-90 endorsement listing One Way as the named insured or carrier. (See Complaint ¶ 41). Instead, the only MCS-90 endorsement to the Old Republic Policy No. Z-35726 attached to Plaintiff's Complaint is an MCS-90 issued to an entirely different entity - Total Logistics Control, LLC. (See Exhibit 9 attached to Plaintiff's Complaint). Plaintiff's Complaint does not include any MCS-90 endorsement issued to One Way because, as Plaintiff knows, no such endorsement exists. (See Exhibit B). That is, nowhere within the 1212 pages of the Old Republic Policy No. Z-35726 (a complete copy of

which is attached as Exhibit B) is there any MCS-90 endorsement issued to One Way.

Importantly, the tractor involved in the underlying litigation was a 2014 Freightliner Vin No. 1FUJGHBG6ELFW5091. (See Exhibit 7 attached to Plaintiff's Complaint). Ryder did at one time own this tractor; however, Ryder sold the tractor on March 19, 2018, over a year prior to July 16, 2019 accident. (See March 19, 2018 Bill of Sale for the subject tractor attached hereto as Exhibit C). Plaintiff was also provided a copy of this bill of sale in the underlying action. Given the sale of the tractor by Ryder more than a year before the accident, the Old Republic policy issued to Ryder could not provide coverage for that vehicle. It is no doubt that for this very reason Plaintiff agreed to dismiss Old Republic from the underlying action and why the premise of his claims are exclusively based on the MCS-90 endorsement to the policy.

There is simply no basis for Plaintiff to pursue this Declaratory Action against Old Republic. The policy at issue was issued to Ryder, not One Way. Ryder had no ownership interest in the subject tractor. The MCS-90 referenced by Plaintiff was issued to Total Logistics Control, LLC, not One Way. Therefore, Old Republic respectfully moves this Court for a dismissal with prejudice.

## ARGUMENT AND CITATION TO AUTORITY

One Way is not a named insured under the terms of Old Republic Policy No. Z-35726 and the MCS-90 Endorsement issued to Total Logistics Control, LLC does not create coverage for any judgment against One Way. It is undisputed that Ryder is named insured under Old Republic Policy No. Z-35726, not One Way. (See Exhibit B). Further, the tractor at issue was sold by Ryder over a year prior to the subject accident. (Exhibit C).

The MCS-90 Endorsement at issue is a requirement under regulations promulgated by the FMCSA. See 49 C.F.R. § 387.15. Under the applicable regulations, an "insured" under this endorsement is defined only as "the motor carrier named in the policy of insurance." 49 C.F.R. § 387.5. The text of MCS-90 itself states as follows:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay within the limits of liability described herein, **any final judgment recovered against the insured** for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

(See Exhibit 9 attached to Plaintiff's Complaint.) The MCS-90 Endorsement therefore only requires an insurer to pay a final judgment against the named motor carrier who in this case is Total Logistics Control, LLC. (See Exhibit 9 attached to

Plaintiff's Complaint.) Additionally, the FMCSA itself has confirmed this interpretation:

> Question: Does the term "insured," as used on Form MCS-90, Endorsement for Motor Carrier Policies of Insurance for Public Liability, or "Principal", as used on Form MCS-82, Motor Carrier Liability Surety Bond, mean the motor carrier named in the endorsement or surety bond?
>
> Guidance: Yes. Under 49 CFR 387.5, "insured and principal" is defined as "the motor carrier named in the policy of insurance, surety bond, endorsement, or notice of cancellation, and also the fiduciary of such motor carrier." **Form MCS-90 and Form MCS-82 are not intended, and do not purport, to require a motor carrier's insurer or surety to satisfy a judgment against any party other than the carrier named in the endorsement or surety bond or its fiduciary**.

Federal Motor Carrier Safety Administration, Regulatory Guidance for Forms Used To Establish Minimum Levels of Financial Responsibility of Motor Carriers, 70 Fed. Reg. 58065-01 (Oct. 5, 2005) (emphasis added).

Further, United States District Courts in Georgia, Indiana, Illinois, West Virginia, and the 5th Circuit Court of Appeals have all confirmed that an MCS-90 Endorsement does not require an insurer to satisfy any judgment other than the named carrier on the endorsement. See, Lancer Ins. Co. v. Hitts, No. 5:09-CV-302 (CAR), 2010 WL 5351842, at *4 (M.D. GA Dec. 21, 2010) (holding that the MCS-90 endorsement at issue did not apply because it applied only to the motor carrier named as the insured in the policy, who was not sued), McComb v. Nat'l Cas. Co., 994 F. Supp. 2d 918, 923-24 (N.D. Ill. 2013) (interpreting an MCS-90 endorsement

in light of the FMCSA's guidance to apply only to the named insured, the motor carrier); <u>Illinois Nat'l Ins. Co. v. Temian</u>, 779 F. Supp. 2d 921 (N.D. IN March 23, 2011); <u>Lancer Ins. Co. v. VIP Limousine Service, Ltd.</u>, No. 3:11-CV-111, 2013 WL 937735 (N.D. WV March 11, 2013); <u>Ooida Risk Retention Group, Inc. v. Williams</u>, 579 F.3d 469 (5th Cir. August 12, 2009).

Because the MCS-90 Endorsement is not intended to extend coverage to anyone <u>but</u> the motor carrier— Total Logistics Control, LLC—it does not extend coverage to One Way.  This interpretation of the MCS-90 Endorsement does not offend the purpose of the federal regulations, which "is to assure that injured members of the public are able to obtain judgment from negligent authorized interstate carriers."  <u>Waters v. Miller</u>, 560 F. Supp. 2d 1318, 1321 (M.D. Ga. 2008) (quoting <u>John Deere Ins. Co. v. Nueva</u>, 229 F.3d 853, 857 (9th Cir. 2000)). Accordingly, the Court should dismiss Old Republic from this Action with <u>prejudice</u>.

## CONCLUSION

Old Republic did not provide coverage to One Way for the July 16, 2019 motor vehicle accident,  One Way is not a named insured under Old Republic Policy No. Z-35726, Old Republic Policy No. Z-35726 did not include a MCS-90 Endorsement for One Way, and the MCS-90 Endorsement relied upon by Plaintiff was issued to Total Logistics Control, LLC.  Considering the foregoing, Old

Republic Insurance Company respectfully request the Court GRANT this Motion and dismiss Old Republic Insurance Company from this case with <u>prejudice</u>.

Respectfully submitted this 17th day of August, 2023.

          Respectfully submitted,

          **SWIFT, CURRIE, McGHEE & HIERS, LLP**

      By: <u>/s/ Benjamin Yancey</u>
          Terry O. Brantley
          Georgia Bar No. 078361
          Benjamin Yancey
          Georgia Bar No. 886446
          *Attorneys for Old Republic Insurance Company*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
(404) 874-8800
(404) 888-6199 [facsimile]
terry.brantley@swiftcurrie.com
ben.yancey@swiftcurrie.com

## CERTIFICATION PURSUANT TO L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendant hereby certifies that the above and foregoing submission is a computer document prepared in Times New Roman (14 point) font and in accordance with Local Rule 5.1B.

This 17th day of August, 2023.

                                        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                                      By:    */s/ Benjamin Yancey*
                                                    Terry Brantley
                                                    Georgia Bar No. 078361
                                                    Benjamin Yancey
                                                    Georgia Bar No. 886446
                                                    *Attorneys for Old Republic Insurance Company*

1420 Peachtree Street
Suite 800
Atlanta, GA  30309
404.874.8800
404.888.6199 [facsimile]
terry.brantley@swiftcurrie.com
ben.yancey@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court via the Court's electronic filing system which will automatically send e-mail notification of such filing to the following counsel of record.

This 17th day of August, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: */s/ Benjamin Yancey*
Terry Brantley
Georgia Bar No. 078361
Benjamin Yancey
Georgia Bar No. 886446
*Attorneys for Old Republic Insurance Company*

1420 Peachtree Street
Suite 800
Atlanta, GA  30309
404.874.8800
404.888.6199 [facsimile]
terry.brantley@swiftcurrie.com
ben.yancey@swiftcurrie.com

4893-5685-4392, v. 1