**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| FREDDIE CAGLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No.2:23-CV-RWS |
| V. | § | |
| | § | |
| NATIONAL INDEMNITY | § | |
| COMPANY OF THE SOUTH, and | § | |
| OLD REPUBLIC INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT OLD REPUBLIC
INSURANCE COMPANY'S MOTION TO DISMISS**

## I.     BACKGROUND

On February 6, 2023, this Court awarded Plaintiff a judgment against One Way Hauling Express Company (One Way Hauling) for a crash that took place on July 16, 2019. [Dkt. 1, Compl. Exhibit 5] One Way Hauling operated under DOT number 2479972 and MCC number 858994. [Dkt 1, Compl Exhibit 8] On July 16, 2019, the Federal Motor Carrier Safety Administration listed Old Republic Insurance Company as the insurer/surety for one way Hauling. [Dkt. 1, Compl. Exhibit 8; see also

1

https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_insurancehistory]

## II.    ISSUE

Whether the complaint contains enough information to plausibly demonstrate Old Republic provided an MCS-90 Insurance Endorsement that is applicable to Plaintiff's judgement against One Way Hauling?

## III.    STANDARD OF REVIEW:

### A: Motion to Dismiss Standards

"'At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.'" Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); Gates v. Khokhar, 884 F.3d 1290, 1296 (11th Cir. 2018). "When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court must accept as true 'all facts set forth in the plaintiff's complaint.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). The court must also draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)." Palacios v. Shift, 2021 WL 3493165, at *1 (N.D.Ga., 2021)

"[T]he complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009). A claim to relief is "plausible on its face" when the facts support a "reasonable inference that the defendant is liable for the misconduct alleged." Id.; Gates v. Khokhar, 884 F.3d 1290, 1296 (11th Cir. 2018)." Tyson v. Town of Homer, 2021 WL 8893039, at *2 (N.D.Ga., 2021) "If the complainant has stated facts that plausibly support relief on their face because they support a "reasonable inference that the defendant is liable for the misconduct alleged," [Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)], the claim survives the motion and proceeds. If not, it ends." Junk Food Custom Arcades, LLC v. Hit Box, LLC, 2022 WL 17920364, at *2 (N.D.Ga., 2022) "The rule is the "plausibility standard," which requires that factual allegations raise the right to relief above the speculative level. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Palacios v. Shift, 2021 WL 3493165, at *2 (N.D.Ga., 2021)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Strong v. KIMC Investments, Inc., 472 Fed. Appx. 886, 887–88 (11th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the complaint standard does not require "detailed factual allegations," a recitation of the

elements and legal conclusions will not suffice. John Mills, LLC, 2020 WL 6073872, at *1 (citing Iqbal, 556 U.S. at 678). While considering a motion to dismiss, the Court will accept the factual allegations in the complaint as true in the light most favorable to the plaintiff. Id. (quoting Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006))." WestRock, LLC v. Sealey, 2021 WL 2637391, at *2 (N.D.Ga., 2021) "The Court should therefore dismiss a complaint under Rule 12(b)(6) only if: (1) there is a dispositive legal issue which precludes relief or (2) the claim is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 326 (1989); see also Brown v. Crawford Cnty., 960 F.2d 1002, 1009–10 (11th Cir. 1992)." Churches United With Israel, Inc. v. Franklin, 2021 WL 2478573, at *2 (N.D.Ga., 2021)

### Plaintiff's Well Pleaded Allegations Accepted as True

Plaintiff directs this Court to specific Complaint [Dkt. 1] allegations that detail Defendant Old Republic's relationship to One Way Hauling:

38. According to records produced by the Federal Motor Carrier Safety Administration ("FMCSA"), the agency charged with recording and monitoring motor carrier insurance compliance, Old Republic issued Motor Carrier Insurance Policy/Surety Number Z-35726 ("Old Republic Policy/Surety") to One Way Hauling on about June 14, 2019: *See* **Exhibit 8**.



39. According to the FMCSA record, the named insured on the above-referenced Old Republic Policy/Surety was One Way Hauling. *Id*.

40. Upon information and belief, the Old Republic Policy/Surety included a mandatory MCS-90 endorsement. *Id*.

41. Upon information and belief, One Way Hauling was the named insured on the MCS-90 endorsement attached to the Old Republic Policy/Surety. *Id*.

42. Upon information and belief, the Old Republic Policy/Surety for One Way Hauling was in full force and effect on July 16, 2019 (date of the crash) and at all relevant times. *Id*.

57. Old Republic insured One Way Hauling and is responsible for payment of the Final Judgment under the MCS-90 endorsement.

### B: Judicial Notice

"Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the [motion to dismiss] stage." <u>U.S. ex rel. Osheroff v. Humana Inc</u>., 776 F.3d 805, 811 n. 4 (11th Cir. 2015). "Court may [also] take judicial notice of the contents of federal agency websites because the "accuracy cannot reasonably be questioned." Fed. R. Evid. 201; <u>see also</u> <u>Stafford v. Grifols Int'l S.A.</u>, 2019 WL 3521957, at *2 n.4 (N.D. Ga. Feb. 25, 2019) (taking judicial notice of U.S. Department of State website); <u>Gardner v. Starkist Co</u>., 418 F. Supp. 3d 443, 452 n.2 (N.D. Cal. 2019) (taking judicial notice of two NOAA webpages)." <u>Bennett International Group, LLC v. Allied World Specialty Insurance Company</u>, 2022 WL 94525, at *3 (N.D.Ga., 2022).

Plaintiff requests the Court to take judicial notice that:

1) "Liability and cargo insurance forms <u>must be submitted directly (online) [to the FMCSA] by the home office of the insurance company furnishing the coverage."</u> (<u>emphasis</u> added)

https://www.fmcsa.dot.gov/registration/insurance-filing-requirements

2) That Old Republic provided proof of insurance to the FMCSA that ONE WAY HAULING EXPRESS CO, DOT number 2479972, covering the date of the wreck: July 16, 2019.

https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_insurancehistory



3) Plaintiff asks the Court to take judicial notice of the underlying Federal tort complaint [Dkt. 1, Exhibit 2] in this case to the extent necessary.

## IV.    DISCUSSION

### A.    Defendant's Attached Documents, if Considered by the Court, Requires The Motion to Dismiss Convert to a Summary Judgement Motion and Requires Plaintiff be Granted Time for Discovery to Adequately Respond.

Old Republic's argument centers around a review of a separate insurance policy [Dkt. 8-3, Exhibit.  B] Old Republic chose to attach to its Motion, not contained in, referenced, or attached to Plaintiff's pleadings.  Indeed a cursory review of Old Republic's Exhibit B [Dkt 8-3 p. 3], reflects a "POLICY PERIOD:* From:  10/1/18  To:  10/1/19".

**OLD REPUBLIC INSURANCE COMPANY**

**BUSINESS AUTO DECLARATIONS**

POLICY NUMBER
Z  35726 40
Z  35726 39
PREVIOUS POLICY NUMBER *

*Policyholder Service Office:*
**Old Republic Risk Management, Inc.**
**445 South Moorland Road, Suite 300**
**Brookfield, WI  53005    (877) 797-3400**

**Producer:** *  #508

Aon Risk Solutions
Chicago, IL

ITEM ONE

NAMED INSURED: Ryder System, Inc. (See Form ORRM 2009)
MAILING ADDRESS: * 11690 NW 105th Street
  Miami, FL 33178

POLICY PERIOD: *  From: 10/01/18  To: 10/01/19  at 12:01 A.M. Standard Time at your mailing address shown above.

FORM OF BUSINESS *
☒ CORPORATION ☐ INDIVIDUAL ☐ LIMITED LIABILITY COMPANY ☒ PARTNERSHIP ☐ OTHER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

ITEM TWO
SCHEDULE OF COVERAGES AND COVERED AUTOS

   While the policy and/or surety bond underlying Plaintiff's Complaint, and as represented by the FMCSA, is Old Republic's policy with the "Effective Date From: 6/1/19 To: 10/12/19. [Dkt. 1 p. 10  ¶. 38]  Also, it is important to note the policy attached by Defendants contains two additional numbers, 39 and 40, following the similar policy numbers.



Additionally, Old Republic improperly references and asks the Court to consider several sale documents outside the current pleading. Here too, these documents purport to show a variety of transactions amongst a variety of different "Ryder" entities, none of whom are the entity Old Republic alleges is its insured (Ryder System, Inc).

Numerous questions remain outstanding concerning Old Republic's policies and associated MCS-90's, as well as the alleged sale of the truck rendering Old Republic's Motion to Dismiss improper.

If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. See: Fed. R. Civ. P. 12(d). The general rule is that whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is

converted to a Rule 56 motion for summary judgment and the district court must meet the notice requirements of Rule 56. <u>Trustmark Ins. Co. v. ESLU, Inc</u>., 299 F.3d 1265, 1267 (11th Cir.2002).

As a general proposition, summary judgment is appropriate only after "adequate time for discovery." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); <u>Caracol Television S.A. v. Telemundo Television Studios, LLC</u>, 2022 WL 202546, at *2 (C.A.11 (Fla.), 2022). As such, if this Court wishes to consider the Defendant's attachments to its motion and memorandum of law, the Court should do so in the context of a Rule 56 motion for summary judgment, and Plaintiff should be given the opportunity to conduct discovery to address the issues surrounding Old Republic's documents. As a conversion of the motion to dismiss into a summary judgment motion, Plaintiff requests this Court stay the time limits for response until Plaintiff can conduct meaningful discovery.

**B.**    **The Dismissal Of Old Republic From The Underlying Tort Action Has No Bearing On The Plaintiff's Claim For Relief Under The MCS-90 Endorsement**

The MCS-90 is a federally required insurance endorsement which effectively creates a surety for injured parties' recovery if there is a defense to coverage in the underlying trucking company insurance policy. The purpose of the Federal Motor

Carrier Act of 1980 ("MCA"), and the regulations promulgated pursuant thereto, especially the MCS-90 endorsement, was designed to stem the unregulated use of vehicles in interstate commerce, which threatened public safety. See Integral Ins. Co. v. Lawrence Fulbright Trucking, Inc., 930 F.2d 258, 261 (2d Cir. 1991). "A motor carrier of property has a duty under federal law to guaranty its financial responsibility for injuries to the public." Harco Nat. Ins. Co. v. Bobac Trucking, Inc., 1995 WL 482330, at *4 (N.D. Cal. Aug. 4, 1995), aff'd, 107 F.3d 733 (9th Cir. 1997). "Purchasing coverage under an MCS–90 endorsement is one way for a carrier to fulfill this duty." Id.

"Under the Motor Carrier Act of 1980, 49 U.S.C. § 10101 et seq., and the regulations promulgated thereunder, certain interstate motor carriers must obtain an insurance policy containing an MCS-90 endorsement 'providing that the insurer will pay within policy limits any judgment recovered against the insured motor carrier for liability resulting from the carrier's negligence[.]" See Waters v. Miller, 564 F.3d 1355, 1357 (11th Cir. 2009) (citation omitted). "The MCS-90 provides a broad guaranty that the insurer will pay certain judgments incurred by the insured regardless of whether the motor vehicle involved is specifically described in the policy or whether the loss was otherwise excluded by the terms of the policy." See Century Indem. Co. v. Carlson, 133 F.3d 591, 594 (8th Cir. 1998) (emphasis added);

see also Miller v. Harco Nat. Ins. Co., 241 F.3d 1331, 1333 (11th Cir. 2001) (endorsing the same observation). This holding complies with the MCS-90 endorsement itself, the federal regulations setting forth the insurance requirement (49 C.F.R. § 387.15), and DOT regulatory guidance (70 Fed. Reg. 58065-6). The text of the MCS-90 must be given a liberal, remedial construction. Pierre v. Providence Washington Ins. Co., 99 N.Y.2d 222, 784 N.E.2d 52, 55 (N.Y. 2002) ("remedial legislative measure" that must be "interpreted broadly").

The MCS-90 only applies where the insured's insurance policy does not provide coverage for a judgment against its insured. See Carolina Cas. Co. v. Yeates, 584 F.3d 868, 878 (10th Cir. 2009) ("The endorsement is a safety net in the event other insurance is lacking."). "Federal law controls the interpretation and operation of the MCS–90." National Specialty Ins. Co. v. Martin-Vegue, 644 Fed.Appx. 900, 906 (11th Cir. 2016) (citation omitted). "While the Eleventh Circuit has not extensively analyzed this endorsement, a majority of courts treat 'the insurer's obligation under the MCS–90 endorsement as one of a surety.'" Id. (citing Yeates, 584 F.3d at 878 (collecting cases)). The MCS–90 endorsement applies "regard-less of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere." 49 C.F.R. § 387.15. "'The MCS–90 provides

a broad guaranty that the insurer will pay certain judgments incurred by the insured regardless of whether the motor vehicle involved is specifically described in the policy or whether the loss was otherwise excluded by the terms of the policy.'" Miller v. Harco Nat. Ins. Co., 241 F.3d 1331, 1333 (11th Cir. 2001) (per curiam) (quoting Century Indem. Co. v. Carlson, 133 F.3d 591, 594 (8th Cir. 1998))." Wesco Insurance Company v. M.O.S. Express, Inc., 2021 WL 6206354, at *3 (S.D.Ala., 2021).

Old Republic seeks to introduce a red herring argument by stating the underlying direct action against Old Republic was dismissed because One Way Hauling was not a named insured.  Review of the attached policy provided by Old Republic shows that the truck involved in the underlying tort case was not listed. [Dkt 1, exhibit 1, p. 6, ¶ 34.]  In a direct action, where insurance coverage defenses apply, Plaintiff Cagle had no choice but to voluntarily dismiss the action when the vehicle is not listed. Under an MCS-90 case, the endorsement itself states that coverage applies,

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such

[Dkt. 1, Exhibit 9, p.3]; See Century Indem. Co. v. Carlson, 133 F.3d 591, 594 (8th Cir. 1998); see also Miller v. Harco Nat. Ins. Co., 241 F.3d 1331, 1333 (11th Cir. 2001).  Old Republic has misapplied the insurance analysis to an MCS-90 analysis.

**C.   Old Republic's Name Cannot Appear on the FMCSA Website Except for Old Republic's Communication Stating it is the Insurer/Surety for One Way Hauling.**

Congress enacted 49 U.S.C. §13906 to require financial security for motor carriers. To be registered, a motor carrier must file "with the Secretary a bond, insurance policy, or other type of security approved by the Secretary . . ." 49 U.S.C.A. § 13906 (West).  A motor carrier, transporting property, is required to have on file $750,000. *See* 49 U.S.C. 31139(b)(2); see also 49 C.F.R. § 387.303(b)(2). An insurance company serving as the backstop for the motor carrier's minimum

financial responsibility of $750,000 must file a form BMC-91 with the FMCSA
certifying the existence of the coverage. *See* 49 CFR 387.311(a). Insurers are the
entities that file the necessary form BMC-91 electronically with the FMCSA. *See*
49 C.F.R. 387.323(a).

The governmentally maintained Safer Website shows Old Republic as the
insurer/surety for the date of the crash related to Plaintiff's underlying judgment.
*Supra*. Only an insurer can file the necessary form to have the government report
such. *See* 49 C.F.R. 387.323(a). Old Republic is shown to have submitted the
necessary BMC-91 form certifying coverage for Old Republic. [Doc. 1, Exhibit 9-
1]

| FMCSA Motor Carrier | | | | |
|---|---|---|---|---|
| USDOT Number: 2479972 | | | | |
| Docket Number: MC858994 | | | | |
| Legal Name: ONE WAY HAULING EXPRESS CO | | | | |
| DBA (Doing-Business-As) Name | | | | |

**Insurance History:**

| Form: 91X | Type: BIPD/Primary | | | |
|---|---|---|---|---|
| Policy/Surety Number: Z-35726 | Coverage From | $0 | To: | $1,000,000 |
| Effective Date From: 06/14/2019 | To: 10/12/2019 | Disposition: Cancelled | | |

Insurance Carrier: OLD REPUBLIC INSURANCE COMPANY
Attn:
Address: 307 N. MICHIGAN AVE. 17TH FLOOR
CHICAGO, IL 60601 US
Telephone: (800) 621 - 0365    Fax: (724) 834 - 4025

Therefore, Old Republic has represented to the FMCSA and the public that
Old Republic is responsible for the MCS-90 bond/surety for One Way Hauling. This

Court should deny Defendant's motion.

**D.**      **Old Republic's Total Logistics MCS-90 Policy Number Matches the Policy Number listed for One Way Hauling.**

As stated previously, this Court should take as true all facts asserted in the Plaintiff's complaint. Safer shows Old Republic as the insurer/surety for One Way Hauling listing as the policy Z-35726.



https://li-

public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_insurancehistory

On the MCS-90 endorsement for Total Logistics, the policy is listed as Z-35726. [Doc. 1, Exhibit 9-1].

A Federal Agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a current valid OMB Control Number. The OMB Control Number for this information collection is 2126-0008. Public reporting for this collection of information is estimated to be approximately 2 minutes per response, including the time for reviewing instructions, gathering the data needed, and completing and reviewing the collection of information. All responses to this collection of information are mandatory. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to: Information Collection Clearance Officer, Federal Motor Carrier Safety Administration, MC-RRA, Washington, D.C. 20590.



United States Department of Transportation
**Federal Motor Carrier Safety Administration**

### Endorsement for Motor Carrier Policies of Insurance for Public Liability

### under Sections 29 and 30 of the Motor Carrier Act of 1980

# FORM MCS-90

Issued to   Total Logistics Control, LLC                              of   Michigan
            (Motor Carrier name)                                           (Motor Carrier state)

Dated at   9:00 AM      on this   17th      day of   October                , 2018

Amending Policy Number:   Z 35726          Effective Date:   10/01/18

Name of Insurance Company:   Old Republic Insurance Company

Countersigned by:

_____
(authorized company representative)

Neither a motor carrier, nor an insurance carrier, may submit fraudulent information to the FMCSA. By stating in its Form BMC-91 that it is the surety/insurer and listing the policy that matches the policy number cited in the Total Logistics Control MCS-90, Old Republic is affirmatively stating it is providing coverage.

17

Old Republic now takes the position no coverage is available since One Way Hauling is not named on the endorsement. Old Republic should be barred from making such a claim since "No motor carrier, its agents, officers, representatives, or employees shall make or cause to make—(a) A fraudulent or intentionally false statement on any application, certificate, report, or record . . .". 49 C.F.R. § 390.35(a); *see also* 18 U.S.C. 1001(a)(" in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully **(1)** falsifies, conceals, or covers up by any trick, scheme, or device a material fact; **(2)** makes any materially false, fictitious, or fraudulent statement or representation; or **(3)** makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry").

## E.      ANOTHER GENUINE ISSUE OF FACT ALSO REMAINS

On the MCS-90 Endorsement provided by Old Republic, it states, "Issued to Ryder System Inc, and its subsidiaries." [Dkt 8-3, p.1019]. Old Republic has not shown that One Way Hauling is not a subsidiary to Ryder System, Inc. Therefore, Plaintiff respectfully requests this Court deny the motion since a genuine issue of material of fact remains.

## <u>CONCLUSION</u>

Plaintiff respectfully requests this Court deny the Defendant's motion since Old Republic has affirmatively stated to the federal government Old Republic is providing insurance/surety to One Way Hauling for the applicable time period. In the alternative, this Court should convert the motion to a Rule 56 motion for summary judgment and hold the motion in abeyance until completion of discovery.

Respectfully submitted,

**TRUCK WRECK JUSTICE, PLLC**

***/s/ Danny R. Ellis, Esquire***
Georgia Bar No. 924074
danny@truckwreckjustice.com
1419 Market Street
Chattanooga, TN  37402
Telephone:(423) 265-2020
Fax:(423) 265-2025

**STEWART, MELVIN & FROST, LLP**
***/s/ Mark Alexander, Esq.***
Georgia Bar No. 008930
malexander@smf-law.com
P. O. Box 3280
Gainesville, GA 30503
Telephone: (770) 536-0101
Fax: (678) 207-2002

**PRINCENTHAL, MAY & WILSON, LLC**

***/s/ Andrew Gould, Esq.***
Georgia Bar No. 826368
andrew@princemay.com
750 Hammond Dr., Bldg 12
Sandy Springs, GA 30328
Telephone: (678) 534-1980
Fax: (404) 806-0624

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiff's Response to Defendant's Motion to Dismiss** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record for all parties. I further certify that the foregoing was prepared in Times New Roman 14pt font and otherwise complies with Local Rule 5.1.

Respectfully submitted on this 31st day of August, 2023.

PRINCENTHAL, MAY & WILSON, LLC


*/s/ Andrew Gould*
Andrew Q. Gould
Georgia Bar No. 826368

750 Hammond Dr
Bldg. 12, Ste. 200
Sandy Springs, GA 30328
Tel:  678-534-1980
Fax:  404-806-0624


*Attorney for Freddie Cagle*