IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FREDDIE CAGLE, §<br>§<br>Plaintiff, §<br>§ Civil Action No.<br>V. §<br>§ 2:23-CV-140-RWS<br>§<br>NATIONAL INDEMNITY §<br>COMPANY OF THE SOUTH, and §<br>OLD REPUBLIC INSURANCE §<br>COMPANY, §<br>§<br>Defendants. §<br>§ | |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

COMES NOW the Plaintiff, Freddie Cagle, by and through counsel, and pursuant to 49 CFR § 821.17(d) and Federal Rule of Civil Procedure 56(a) respectfully submits the following Undisputed Material Facts in Support of his Motion for Partial Summary Judgment:

**A. National Indemnity Policy**

1. On or about May 5, 2019, National Indemnity issued an insurance policy to One Way Hauling with the federally mandated MCS-90 endorsement [49 U.S.C. §§ 13906(a)(1), 31139(b)(2) and 49 C.F.R. § 387]. See **Exhibit 1** [Def.'s Initial Discl., Bates NICO 000007].

2. National Indemnity policy 74TRS100541, issued to One Way, originally provided coverage from May 5, 2019, to May 5, 2020. *See* **Exhibit 1-2** [Def.'s Initial Discl., Bates NICO 000024].

3. Additionally, National Indemnity filed a BMC-91X form with the Federal Motor Carrier Safety Administration on April 29, 2019, representing an effective date of May 5, 2019. *See* **Exhibit 1-3** [Def.'s Initial Discl., Bates NICO 000010].

4. In May of 2019, One Way paid National Indemnity an "estimated total premium" for the policy. *See* **Exhibit 1-2** [Def.'s Initial Discl., Bates NICO 000024].

5. The policy was canceled effective November 3, 2019, over three months after the July 16, 2019, wreck which forms the basis of Final Judgment. *See* **Exhibit 1-5** [Def. NICO's Resp. to Def. ORIC's Req. for Produc., Bates ORIC000074].

6. After the cancellation, National Indemnity issued a pro-rata return of premium[1] effective November 3, 2019, back to One Way for the balance of the policy period through May 5, 2020. **Exhibit 1-4** [Def.'s Initial Discl.,

---

[1] Plaintiff has received from National Indemnity the unredacted amounts of the "estimated total premium" and pro-rata return of premium but has agreed not to file documents disclosing what National Indemnity contends is proprietary premium information. The amounts disclosed however do reflect National indemnity charging One Way and receiving premiums for the policy and MCS-90 endorsement through November 3, 2020.

Bates NICO 000015].

### B. Old Republic Policy

7. On or about August 16, 2019, Old Republic issued an MCS-90 endorsement [49 U.S.C. §§ 13906(a)(1), 31139(b)(2) and 49 C.F.R. § 387] to One Way Hauling with an effective backdate of June 16, 2019. *See* **Exhibit 2** [Def.'s Resp. to Pl.'s Req. for Produc., Bates ORIC00014-16].

8. Old Republic also filed a BMC-91X form with the Federal Motor Carrier Safety Administration on August 16, 2019, representing an effective date of June 14, 2019. *See* **Exhibit 2-1** [Def.'s Resp. to Pl.'s Req. for Produc., Bates ORIC00003].

### C. Trial Court Findings

9. On October 29, 2021, the Clerk of Court entered an entry of default against One Way Hauling. *See* **Exhibit 3** [Entry of Default Judgment].

10. On February 14, 2023, following a bench trial, the Honorable Richard W. Story, United States District Judge, entered Findings of Fact and Conclusions of Law, including findings relating to the nature and extent of Plaintiff's bodily injuries as a result of the crash. *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 17-31].

11. The Court concluded that the "Defendants in Default [including One Way Hauling] are liable for the damages arising from their own negligence, and

because they employed Loyola at the time of the accident, they are also vicariously liable to Plaintiff for Loyola's liability." *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 42].

12. The Court further concluded that "Plaintiff shall have a judgment against Defendants in Default. . . [including One Way Hauling] for: [c]ompensatory damages of $1,505,400.21 (50% of the total award for medical expenses and pain and suffering); [p]unitive damages of $250,000.00; and [a]ttorney's fees of $1,304.320." *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 43].

13. The Court further concluded that "Defendants in Default [including One Way Hauling] are vicariously liable to Plaintiff for Defendant Loyola's liability [in the amount of $1,505,400.21]" for a "…total judgment against the Defendants in Default [in the amount of] $4,565,120.42…." *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 43].

14. Final Judgment was entered on February 15, 2023, wherein it was Ordered and Adjudged that Plaintiff shall have a total judgment against the Defendants in Default, including One Way Hauling, in the amount of $4,565,120.42. *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 43].

15. Judge Story's Findings of Fact and Conclusions of Law against One Way Hauling held that, "The allegations of the Complaint, except as to the amount of damages, are taken as true." *See* **Exhibit 4** [Findings of Fact and Concl. of

Law at 4]. These true facts are:

i. "As Plaintiff tried to bring his car to a stop, his right foot became lodged between the floor and the brake pedal as he was violently thrown about within his car, striking his head. As a result, Plaintiff suffered serious injuries to his right foot and ankle and injuries to his head and back." *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 17].

ii. "To this day, Plaintiff continues to experience some pain, swelling, and instability in his right foot and ankle. Dr. Johnson has opined that Plaintiff's ankle will never return to the condition it had maintained prior to the wreck of July 16, 2019." *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 27].

iii. "Plaintiff is entitled to damages for pain and suffering in the amount of $2,700,000." *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 17].

iv. Defendants in Default [including One Way Hauling] are liable for the damages arising from their own negligence, and because they employed Loyola at the time of the accident, they are also vicariously liable to Plaintiff for Loyola's liability." *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 42].

v. On July 16, 2019, the day of Plaintiff's wreck, all Defendants in Default were operating a commercial motor vehicle. *See* **Exhibit 4** [Findings

of Fact and Concl. of Law at 16].

vi. "On July 16, 2019, the day of Plaintiff's wreck, all Defendants in Default were engaged in interstate commerce as a motor carrier." *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 16].

vii. On July 16, 2019, the day of Plaintiff's wreck, Plaintiff was a member of the public. *See* **Exhibit 4** [Findings of Fact and Concl. of Law at 16].

This 5th day of February 2024.

    Respectfully submitted,

    **TRUCK WRECK JUSTICE, PLLC**

    ***/s/ Danny R. Ellis, Esquire***
    Georgia Bar No. 924074
    danny@truckwreckjustice.com
    1419 Market Street
    Chattanooga, TN  37402
    Telephone:(423) 265-2020
    Fax:(423) 265-2025

    **STEWART, MELVIN & FROST, LLP**
    ***/s/ Mark Alexander, Esq.***
    Georgia Bar No. 008930
    malexander@smf-law.com
    P. O. Box 3280
    Gainesville, GA 30503
    Telephone: (770) 536-0101
    Fax: (678) 207-2002

***/s/ Andrew Gould, Esq.***
Georgia Bar No. 826368
andrew@princemay.com
**Princenthal, May & Wilson, LLC**
750 Hammond Dr., Bldg 12
Sandy Springs, GA 30328
Telephone: (678) 534-1980
Fax: (404) 806-0624

*Attorneys for Plaintiff*