IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FREDDIE CAGLE,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL INDEMNITY COMPANY OF THE SOUTH and OLD REPUBLIC INSURANCE COMPANY,<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br>2:23-cv-140-RWS |

## DEFENDANT NATIONAL INDEMNITY COMPANY OF THE SOUTH'S STATEMENT OF ADDITIONAL MATERIAL FACTS

Pursuant to Local Rule 56.1(B)(2)(b), Defendant National Indemnity Company of the South submits this Statement of Additional Material Facts that present a genuine issue for trial.

A. The Underlying Judgment

1. Plaintiff Freddie Cagle and Kurt Wilson were injured in a multi-vehicle accident on Interstate-85 South on July 16, 2019. *See* the police report at **Exhibit 1.**

2. The investigating officer deemed the loss to be the fault of Isidro Lobaina Loyola ("Lobaina"), who was operating a 2014 Freightliner tractor, Vehicle

Identification Number 1FUJGLBG6ELFW5091 ("Accident Vehicle") at the time of the crash. *Id*.

3. In a previously litigated matter, Plaintiff argued, and this Court agreed, that Lobaina was operating his rig under the motor carrier authority of First Time Transport, Inc. ("First Time") of Cutler Bay, Florida, USDOT census number 3180047, docket number MC 125574. *See* the applicable pages of Plaintiff's Response to Defendant Wesco's Motion for Summary Judgment and Brief in Support of Defendant Wesco's Motion for Summary Judgment (Doc. 106 in the lawsuit styled Freddie Cagle v. Wesco Insurance Company et al., Civil Action File No. 2:21-CV-52-RWS (the "Underlying Lawsuit")) at **Exhibit 2** ("Defendant Loyola and an unknown driver were operating the tractor and trailer under the DOT authority for Defendant First Time"); *see also* the Order Granting Wesco's Motion for Summary Judgment in the Underlying Lawsuit at **Exhibit 3**, p. 2; and the publicly available information at Quick Transport Solutions Inc., First Time Transport, Inc. (https://www.quicktransportsolutions.com/truckingcompany/florida/first-time-transport-inc-usdot-3180047.php) at **Exhibit 4**.

4. First Time was insured under a policy issued by Wesco Insurance Company. *See* **Exhibit 3**, p. 3.

5. The 2014 Freightliner was not covered under the Wesco policy, but Wesco settled Wilson's claim for $750,000 under the MCS-90 Endorsement attached to its policy. *Id.*, pp. 8, 13-15.

6. Although Wesco was aware of Plaintiff's claim, the entirety of the MCS-90 proceeds was paid to Wilson. *See* **Exhibit 3**.

7. The police report identified King's Way USA Transport ("King's Way") as the owner of the rig, not One Way. *See* **Exhibit 1**.

8. In his deposition, Lobaina recognized King's Way as one of the entities operated by Ariel Calzada ("Calzada") and his wife Isabel Cordero ("Cordero"). *See* the applicable portions of the June 25, 2021 Deposition of Isidro Alex Lobaina Loyola ("Lobaina's Dep."), pp. 31-32 at **Exhibit 5**.

9. Calzada and Cordero also operate First Time and One Way Hauling Express ("One Way"). *Id*., pp. 30, 32.

10. At the time of the loss, King's Way was not authorized by the USDOT to haul goods in interstate commerce. *See* the publicly available information at United States Department of Transportation, Federal Motor Carrier Safety Administration, Licensing and Insurance Public, History, https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_authorityhistory, last visited March 1, 2024) at **Exhibit 6.**

11. No information has been produced concerning whether King's Way was an active entity in 2019 or whether it was insured. *See* the record, generally.

12. One Way was an active motor carrier in 2019. *See* the publicly available information at United States Department of Transportation, Federal Motor Carrier Safety Administration, Licensing and Insurance Public, History, (https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_authorityhistory) at **Exhibit 7**.

13. One Way was insured by National Indemnity Company of the South ("National Indemnity") under policy number 74TRS100541, which went into effect on May 5, 2019 (the "National Indemnity Policy"). *See* the National Indemnity Policy at **Exhibit 8**.

14. The National Indemnity Policy listed three tractors, but the Accident Vehicle was not one of them. *Id.* at NICO 000026.

15. Cagle sued Lobaina, Kings Way, First Time, One Way, and others in this Court on March 5, 2021. *See* the Complaint in the Underlying Lawsuit at **Exhibit 9**.

16. National Indemnity received no notice of the suit prior to the Court's entry of default. *See* National Indemnity's Response to Old Republic's First Set of Interrogatories, No. 11 at **Exhibit 10**.

17. On February 15, 2023, the Court entered a default judgment against various defendants including One Way and Lobaina in the Underlying Lawsuit. *See*

the judgment at **Exhibit 11**. *Id.* The combined compensatory damages (over $3 million) alone are far in excess of any exposure that Old Republic or National Indemnity might have. *Id.*

B. BMC-91X Filings and the MCS-90 Endorsement

18. No coverage is available from National Indemnity under its base policy, and Old Republic maintains that no coverage is available under its base policy either. *See* the National Indemnity Policy at **Exhibit 8**. Instead, Cagle seeks recovery from defendants under the MCS-90 each issued on behalf of One Way at different points in time. *See* the Complaint filed July 25, 2023 at Doc. 1.

19. The Licensing and Insurance website for the United States Department of Transportation ("USDOT") shows that One Way was first authorized in 2014 and has been continuously authorized since 2016. *See* **Exhibit 12**.

20. Various insurers have provided One Way financial security (one at a time) since then. *Id.*

21. National Indemnity issued its policy to One Way effective May 5, 2019, and made a $750,000[1] BMC-91x filing effective that same day. *See* the National Indemnity Policy at **Exhibit 8;** *see also* the BMC-91x Acceptance Report at **Exhibit 13**.

---

[1] $750,000 is the minimum amount of financial security required for motor carriers who haul no hazardous or semi-hazardous cargoes, 49 C.F.R. § 387.9, and was the amount of security One Way required.

22. An MCS-90 referencing limits of $750,000 was attached to the National Indemnity Policy. *See* the MCS-90 endorsement attached at **Exhibit 14**.

23. Unbeknownst to National Indemnity when it issued its policy, One Way was utilizing in its business several rigs, including some owned by Ryder. *See* the communications at **Exhibit 15**. No premium was paid to National Indemnity for these rigs. *See* the National Indemnity Policy at **Exhibit 8**, generally and at NICO 000024.

24. During the policy period, National Indemnity became aware, through USDOT inspection data, that One Way was using vehicles that were not scheduled on its policy. *See* the Central Analysis Bureau, Detailed Inspection Reports for One Way at **Exhibit 16**.

25. In August 2019, the insurance broker AON (the second largest brokerage in the world in 2023[2]) became aware of National Indemnity's concern about the use of unscheduled vehicles. *See* **Exhibit 15**.

26. On August 15, 2019, AON's Ryder Service team asked if Ryder would arrange to have an MCS-90 issued since the company had been leasing Ryder trucks. *See* the communications at **Exhibit 17**.

---

[2] *See* https://www.businessinsurance.com/article/00010101/STORY/912358433/Top-insurance-brokers,-No-2.Aon-PLC#:~:text=Aon%20reported%20%2412.4%20billion%20in,of%20the%20world's%20largest%20brokerages.

27. Kelli Collins, identified in the email as a Senior Underwriter with Ryder Fleet Protection Solutions, explained that some insurers do not permit "split fleets," that is, having a part of the Carrier's fleet covered under their insurance policy, and then leasing other vehicles from Ryder which would be insured through Ryder. *See* the communications at **Exhibit 15**.

28. Ms. Collins suggested issuing the BMC 91X filing and having One Way hold them harmless for losses involving non-Ryder vehicles, so the customer, One Way, could keep its current insurance with National Indemnity. *Id*.

29. Mallory Collins, Policy Production Associate Supervisor for Old Republic Risk Management, and Donald B. Golden, Inside Business Development Manager at Ryder, were also on the email chain. *Id*.

30. On that same day, August 15, 2019, Golden explained to Collins and Ryder's Mario Cotarelo that:

> [T]his is an extremely urgent matter… Our client One Way Hauling Express, leases 5 tractors with us and has our coverage for both liability and physical damage. The insurance company who insures their non-Ryder vehicles has told our client that they will either charge them for duplicate insurance coverage on our leased vehicles or cancel their insurance on their non-Ryder vehicles since they do the filings for them.

*Id*.

31. Collins responded to the August 15, 2019 email, "Mario we can do the filing. The filing will be effective 6/14/2019. AON please issue the filing." *Id.*

32. In a different e-mail, Collins explained that "we can back date to the date when they got the Ryder units." *Id*.

33. A filing was made for One Way dated back to June 14, 2019, and Old Republic's MCS-90 Endorsement shows a liability limit of $1,000,000. *See* the Federal Motor Carrier Safety Administration Licensing and Public Information at **Exhibit 12** and Old Republic's MCS-90 Endorsement at **Exhibit 18**.

C. Effective June 14, 2019, the National Indemnity Filing was Replaced by Old Republic's Filing

34. In short, at the time of the loss, some of One Way's vehicles were covered under the National Indemnity Policy and others were covered under the policy that Old Republic issued to Ryder and its customers. *See* the National Indemnity Policy at **Exhibit 8**, NICO 000024, and the declarations pages of Old Republic's Policy at **Exhibit 19**. However, the Accident Vehicle was not covered by National Indemnity's Policy, and Old Republic maintains it was not covered by its policy either. *Id*.

35. One Way and its principals did not appear in the tort action, hence the default judgment against it. *See* **Exhibit 11**.

36. Ultimately, the Court found that One Way, among others, was vicariously liable for Lobaina's negligence and was liable as a defaulting defendant. *Id*., at p. 42.

37. The conclusion that the Accident Vehicle was being operated under First Time's USDOT motor carrier authority conforms with the police report, the photograph showing a First Time placard on the door of the truck at the scene of the accident, and the testimony of John Pecoraro. *See* the police report at **Exhibit 1**, the photograph of the Accident Vehicle's placard at **Exhibit 20,** and the Affidavit of John Pecoraro at **Exhibit 21**.

38. The USDOT's Licensing and Insurance website shows that National Indemnity made a BMC 91x filing on May 5, 2019, and that filing –and the MCS-90 Endorsement that accompanied it – were replaced by the Old Republic filing dated June 14, 2019.  *See* **Exhibit 12**.

This 8th day of March, 2024.

Monarch Plaza, Suite 1500
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:   (404) 221-6501
mbarber@bakerdonelson.com
mdemasi@bakerdonelson.com

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

 /s/  *Melody H. Demasi*
MARK A. BARBER
Georgia Bar No. 036875
MELODY H. DEMASI
Georgia Bar No. 988861

*Attorneys for Defendant National Indemnity Company of the South*

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

I certify that this pleading complies with LR 5.1 and 7.1 as to font, spacing, and margins. I further certify that I served a copy of the foregoing **DEFENDANT NATIONAL INDEMNITY COMPANY OF THE SOUTH'S STATEMENT OF ADDITIONAL MATERIAL FACTS** via CM/ECF to the following attorneys of record:

Danny R. Ellis
Truck Wreck Justice, PLLC
1419 Market Street
Chattanooga, TN 37402
danny@truckwreckjustice.com

Andrew Gould
Princenthal, May & Wilson, LLC
750 Hammond Dr., Bldg. 12
Sandy Springs, Georgia 30328
andrew@princemay.com

Mark Alexander
Stewart, Melvin & Frost, LLP
P.O. Box 3280
Gainesville, Georgia 30503
malexander@smf-law.com

Benjamin Yancey
Terry O. Brantley
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, Suite 800
Atlanta, GA 30309
terry.brantley@swiftcurrie.com
ben.yancey@swiftcurrie.com

This 8th day of March, 2024.

Monarch Plaza, Suite 1500
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone: (404) 577-6000
Facsimile: (404) 221-6501
Email: mdemasi@bakerdonelson.com

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

 /s/   Melody H. Demasi
MELODY H. DEMASI
Georgia Bar No. 988861
*Attorney for Defendant National Indemnity Company of the South*