IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FREDDIE CAGLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL INDEMNITY COMPANY OF THE SOUTH, and OLD REPUBLIC INSURANCE COMPANY,<br><br>　　　　Defendants. | Civil Action No.<br><br>2:23-cv-140-RWS |

## ORDER

This case comes before the Court on Plaintiff Freddie Cagle's Motion for Reconsideration [Dkt. 115] of the Court's January 25, 2025 Order [Dkt. 113], Defendants' memoranda in opposition [Dkts. 116, 117], and Plaintiff's reply [Dkt. 118]. Plaintiff contends that the Court erred in finding that no genuine issue of material fact exists concerning Old Republic's Tenth Defense. [Dkt. 113 – January 2025 SJ Order at 41-49]. For the following reasons, the Court **grants** the Motion.

## STANDARD

"Motions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), N.D. Ga. "Reconsideration of a prior order 'is an

extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Buffkin v. Reliance Standard Life Ins. Co., 2017 WL 3000031, at *1 (N.D. Fla. May 30, 2017) (citation omitted). As a general rule, a court will only grant a motion to reconsider based on the availability of "newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and internal quotation marks omitted); and see Michael Linet, Inc. v. Village of Wellington, Florida, 408 F.3d 757, 763 (11th Cir. 2005) (reconsideration is not a means "to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment"). "A motion for reconsideration 'may not be used to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind.'" Sigida v. Munroe Foods 2 LLC, 2017 WL 9516597, at *1 (N.D. Ga. Apr. 12, 2017) (quoting Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003)).

## DISCUSSION

In his Motion, Plaintiff argues that the Court committed clear error by applying Georgia state law to determine that Old Republic's auto liability policy issued to One Way was void as a matter of law, thereby rendering the attached MCS-90 endorsement void. Plaintiff contends that federal law, not state law,

2

governs applicability of the MCS-90 endorsement and that rescission of the liability policy does not require voiding the MCS-90 public protection coverage. In doing so, Plaintiff relies primarily on public policy considerations and the purpose for MCS-90 protection. [Reply, at 1 ("policy considerations place the onus on insurers, who profit from underwriting such risks, to pursue their insured, thereby easing the burden on injured innocent parties"].

In the Court's January 2025 SJ Order, the undersigned noted the absence of binding Eleventh Circuit precedent controlling the issue presented.[1] In addition, Plaintiff acknowledges that he did not fully develop the legal argument presented in support of reconsideration. [Motion, at 3 and n.1].[2] Although Plaintiff's concession is a sufficient legal basis for denying relief, the Court aims to get it right and decide the matter correctly.

Plaintiff's legal position is summarized in a decision from the District Court of Nebraska. See Nat'l Indep. Truckers Ins. Co. v. Gadway, 860 F. Supp. 2d 946,

---

[1] [Reply, at 3 (noting that National Indemnity and Old Republic fail to cite to "any legal authority or case from *any* jurisdiction where a court has rescinded, voided, or canceled an MCS-90 endorsement based on the actions, omissions, or misrepresentations of an insured")].

[2] Plaintiff, through counsel, states that he "did not initially delve into the detailed arguments presented here[;]" and that his motion for reconsideration "introduces fresh or expanded arguments not fully addressed in his original pleadings." [Motion, at 3].

3

955 (D. Neb. 2012). The Nevada district court analyzes the underlying insurance liability policy separately from the MCS-90 endorsement to hold that rescission of the liability policy does not automatically require rescission of the MCS-90 endorsement. As recited below, the rationale is persuasive.

> As with the state compulsory financial responsibility schemes discussed above, it would defeat the purpose of the federal statutes and regulations at issue if an insurer could escape its obligations pursuant to an MCS–90 endorsement simply by seeking rescission of the underlying insurance policy. The Court concludes that as to injured members of the public, the MCS–90 endorsement attached to the policy remains in effect at least until the notice requirement of 49 C.F.R. § 387.313(d) has been satisfied.

Gadway, 860 F. Supp. 2d at 955. Thus, Gadway, and Plaintiff's argument here, hinge on "the *regulatory supremacy* of MCS-90 protections over state law rescission principles." [Reply, at 3 (emphasis added)].

In fact, in the Court's summary judgment analysis, the undersigned discussed and relied on authorities emphasizing the purpose for the MCS-90 endorsement and the differences between the MCS-90 and the liability policy. Even so, the Court did not contemplate that a determination as to the validity of the MCS-90 endorsement, an attachment to the underlying liability policy, could be

4

excised from the liability policy's rescission pursuant to state law.³ There is no controlling precedent and no persuasive authority applying the Georgia statute.

In this case, the Court previously determined that the FMCSA's notice requirements for the MCS-90 endorsement (of National Indemnity) had not been complied with. [Dkt. 113 – 1-29-25 Order, at 38-41; 49 C.F.R. § 387.313(d)]. Applying the same federal notice requirement to Old Republic, the Court concludes that Old Republic's MCS-90 endorsement remains in effect. [Motion, at 7 (Old Republic has not taken steps to cancel its MCS-90 endorsement)]. And see

---

³ Relying on Gadway, Plaintiff suggests that operation of the MCS-90 endorsement is necessarily independent from the liability policy because "the MCS-90 endorsement is not triggered *unless* there is no liability coverage for an accident." [Motion, at 5 (emphasis in original)].

The language of the MCS-90 endorsement supports Plaintiff's argument and expressly provides that **"no condition or limitation contained in the policy, […] or violation thereof shall relieve the company from liability or from the payment of any final judgment."** [Dkt. 103-18 – Old Republic Form MCS-90 at 3].

Old Republic complains that Plaintiff does not recite the entire sentence, which reads:

> It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the Company from liability or from the payment of any final judgment, *within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured*.

[Response, at 12 (quoting Dkt. 103, Exhibit 14)].

5

Waters v. Miller, 564 F.3d 1355 (11th Cir. 2009). In sum, if not void due to rescission of the liability policy, and if not terminated per federal regulations, the Old Republic MCS-90 endorsement remains available to Plaintiff.

Old Republic's Response [Dkt. 117] does not provide any legal authority to counter Gadway or squarely address Plaintiff's argument that the MCS-90 survives rescission of the liability policy. Old Republic simply argues that there is no "hybrid" option as suggested by Plaintiff. [Dkt. 117 – Old Republic Response, at 10-11]. According to Old Republic, the Policy, including the MCS-90 endorsement, is either enforceable or not. See, e.g., Sentry Indem. Co. v. Brady, 153 Ga. App. 168 (1980).[4]

---

[4] Sentry supports the Court's finding that the liability policy is void under Georgia law. Sentry holds:

> In order to void a policy of insurance for a misrepresentation in the application, the insurer must show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk. . . . A material misrepresentation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance. It is unrebutted that accurate information as to [the defendant's] driving record would have caused a higher premium or a rejection of the application based upon the underwriting limitations.

Id. at 170 (internal citations and quotation marks omitted).

Old Republic contends that <u>Gadway</u> is distinguishable based upon timing, i.e., the sequence between the accident and issuance of the liability policy. [Response, at 13].[5]  In both instances, the alleged misrepresentation occurred in the insured's application.  However, the Gadway policy was not back-dated. Instead, the liability policy the MCS-90 endorsement was attached to actually issued prior to the accident. In this case, the Old Republic Policy was not actually issued until *after* the accident.  The Court finds that, while the timing may have been relevant to whether Old Republic was entitled to rescind the policy, timing does not alter Old Republic's obligations under the MCS-90 endorsement.

Upon reconsideration, the Court concludes that Plaintiff's Motion for Reconsideration is meritorious and due to be granted. In addition to payment under the National Indemnity MCS-90 endorsement, Plaintiff Freddie Cagle is entitled to payment of the Old Republic MCS-90 endorsement issued to One Way in the amount of $1,000,000.

---

[5] The other two arguments advanced by Old Republic are not determinative. Old Republic points out that <u>Gadway</u> did not involve multiple MCS-90 endorsements and the coverage issues presented here. Old Republic also correctly points out that, unlike Nebraska state law, Georgia law does *not* require a showing that the misrepresentation be knowingly made; therefore, the undersigned properly found that no genuine issue of material fact exists concerning rescission based upon One Way's omission.

7

## CONCLUSION

In conclusion, the Court finds that Plaintiff's Motion for Reconsideration [Dkt. 115] is **GRANTED**.

Accordingly, the Court's January 25, 2025 Order [Dkt. 113] is **AMENDED** to reflect that Plaintiff Freddie Cagle's Motion (& Renewed Motion) for Summary Judgment [Dkts. 47, 90] is **GRANTED**.

It is further **ORDERED** that Defendant Old Republic's Motion for Summary Judgment [Dkt. 96] is **DENIED**.

In addition to payment of the National Indemnity MCS-90 endorsement for $750,000, Plaintiff is entitled to payment of Old Republic's MCS-90 endorsement in the amount of $1,000,000.

The Clerk is **DIRECTED** to prepare an **AMENDED** Judgment accordingly.

**SO ORDERED** this 29th day of April, 2025.

_____
**RICHARD W. STORY**
United States District Judge