4months,APPEAL,CLOSED

# U.S. District Court
## Northern District of Georgia (Gainesville)
## CIVIL DOCKET FOR CASE #: <u>2:23−cv−00140−RWS</u>

Cagle v. National Indemnity Company of the South et al
Assigned to: Judge Richard W. Story
Case in other court:  USCA − 11th Circuit, 25−11778−A
                                  USCA − 11th Circuit, 25−11778−A
Cause: 28:2201 Declaratory Judgment (Insurance)

Date Filed: 07/25/2023
Date Terminated: 01/29/2025
Jury Demand: Defendant
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

**Plaintiff**

**Freddie Cagle**                                   represented by   **Andrew Quinn Gould**
Princenthal, May, Wilson LLC
Building 12, Suite 200
750 Hammond Drive
Sandy Springs, GA 30328
678−534−1980
Email: andrew@princemay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danny Ray Ellis**
Truck Wreck Justice, PLLC
The Adams Building
1419 Market St.
Chattanooga, TN 37402
423−265−2020
Fax: 423−634−8886
Email: danny@truckwreckjustice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark William Alexander**
Stewart Melvin & Frost, LLP
P.O. Box 3280
Suite 600, Hunt Tower
200 Main Street
Gainesville, GA 30503
770−536−0101
Email: malexander@smf−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**National Indemnity Company of the**            represented by   **Laurence Rabinovich**
**South**                                                                           Barclay Damon, LLP

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: Jun 02 2025

KEVIN P. WEIMER, Clerk

By: s/ D. McGoldrick

Deputy Clerk

1270 Avenue of the Americas
New York, NY 10020
212–784–5800
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Allen Barber**
Baker Donelson Bearman Caldwell &
Berkowitz, P.C.–GA
Monarch Plaza, Suite 1500
3414 Peachtree Road, NE
Atlanta, GA 30326–1164
404–443–6713
Fax: 404–238–9753
Email: mbarber@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melody H. Demasi**
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
3414 Peachtree Road, NE
Monarch Plaza
Suite 1500
Atlanta, GA 30326
404–577–6000
Fax: 404–221–6501
Email: mdemasi@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Old Republic Insurance Company**        represented by    **Terry O. Brantley**
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street Northeast
Suite 800
Atlanta, GA 30309–3231
404–874–8800
Email: terry.brantley@mablawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Joseph Yancey**
Swift Currie McGhee & Hiers
1420 Peachtree Street
Suite 800
Atlanta, GA 30309
404–888–6261
Fax: 404–888–6199
Email: ben.yancey@mablawfirm.com
*ATTORNEY TO BE NOTICED*

**Dahlin Alexis Fields**
Swift Currie McGhee & Hiers
1420 Peachtree St NE
Ste #800
Atlanta, GA 30309
404–888–6142
Email: dahlin.fields@mablawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**non–party Wesco Insurance Company**
*non–party*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/25/2023 | 1 | COMPLAINT filed by Freddie Cagle. (Filing fee $402, receipt number AGANDC−12768115) (Attachments: # 1 Exh 1 – Complaint, # 2 Exh 2 – First Amended Complaint, # 3 Exh 3 – Entry of Default, # 4 Exh 4 – Findings of Fact and Conclusion of Law, # 5 Exh 5 – Final Judgment, # 6 Exh 6 – National Indemnity Policy, # 7 Exh 7 – National Indemnity Letter of Denial, # 8 Exh 8 – FMSCA Motor Carrier Report, # 9 Exh 9 – MCS−90 Endorsement, # 10 Civil Cover Sheet)(ddm) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 07/25/2023) |
| 07/25/2023 | 2 | Electronic Summons Issued as to National Indemnity Company of the South, Old Republic Insurance Company. (Attachments: # 1 Summons)(ddm) (Entered: 07/25/2023) |
| 07/31/2023 | 3 | **COURT NOTICE OF FILING: Standing Order Regarding Civil Litigation by Judge Richard W. Story.** (sk) (Entered: 07/31/2023) |
| 08/01/2023 | 4 | Return of Service Executed by Freddie Cagle. National Indemnity Company of the South served on 7/27/2023, answer due 8/17/2023. (Ellis, Danny) (Entered: 08/01/2023) |
| 08/01/2023 | 5 | Return of Service Executed by Freddie Cagle. Old Republic Insurance Company served on 7/27/2023, answer due 8/17/2023. (Ellis, Danny) (Entered: 08/01/2023) |
| 08/16/2023 | 6 | Certificate of Interested Persons and Corporate Disclosure Statement by Freddie Cagle. (Gould, Andrew) (Entered: 08/16/2023) |
| 08/17/2023 | 7 | Consent MOTION for Extension of Time to File Answer re 1 Complaint,, by National Indemnity Company of the South. (Attachments: # 1 Text of Proposed Order Proposed Order)(Demasi, Melody) (Entered: 08/17/2023) |
| 08/17/2023 | 8 | WITHDRAWN MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Old Republic Insurance Company. (Attachments: # 1 Brief in Support of Motion to Dismiss, # 2 Exhibit A – Consent MTD ORIC, # 3 Exhibit B – Policy, # 4 Exhibit C – Bill of Sale)(Yancey, Benjamin) Modified on 9/19/2023 to add withdrawn notation per 17 (sk). (Entered: 08/17/2023) |

| 08/17/2023 | 9 | ANSWER to 1 COMPLAINT with Jury Demand by Old Republic Insurance Company. Discovery ends on 1/16/2024.(Yancey, Benjamin) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/17/2023) |
| 08/17/2023 | 10 | ORDER granting the parties' 7 Consent Motion for Extension of Time. Defendant National Indemnity Company of the South's deadline to respond to the 1 Complaint is extended through and including August 31, 2023. Signed by Judge Richard W. Story on 08/17/2023. (ddm) (Entered: 08/17/2023) |
| 08/31/2023 | 11 | ANSWER to 1 COMPLAINT by National Indemnity Company of the South. (Attachments: # 1 Exhibit A: USDOT Public Insurance History)(Demasi, Melody) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/31/2023) |
| 08/31/2023 | 12 | Certificate of Interested Persons and Corporate Disclosure Statement by National Indemnity Company of the South. (Demasi, Melody) (Entered: 08/31/2023) |
| 08/31/2023 | 13 | RESPONSE re 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Freddie Cagle. (Princenthal, Adam) (Entered: 08/31/2023) |
| 09/06/2023 | 14 | RESPONSE re 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Supplemental Response* filed by Freddie Cagle. (Bloodworth, Kristin) (Entered: 09/06/2023) |
| 09/12/2023 | 15 | MOTION for Extension of Time File Reply Brief re: 14 Response to Motion, 13 Response to Motion with Brief In Support by Old Republic Insurance Company. (Attachments: # 1 Text of Proposed Order Proposed Order Granting ORIC's Motion for Extension of Time)(Yancey, Benjamin) (Entered: 09/12/2023) |
| 09/12/2023 | 16 | ORDER granting 15 Old Republic Insurance Company's Motion for Extension of Time to File Reply Brief. Old Republic Insurance Company's Reply Brief is due September 18, 2023. Signed by Judge Richard W. Story on 09/12/2023. (ddm) (Entered: 09/12/2023) |
| 09/18/2023 | 17 | NOTICE by Old Republic Insurance Company re 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Withdrawal* (Yancey, Benjamin) (Entered: 09/18/2023) |
| 09/18/2023 | 18 | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Old Republic Insurance Company. (Yancey, Benjamin) (Entered: 09/18/2023) |
| 09/21/2023 | 19 | SCHEDULING ORDER APPROVING 18 Joint Preliminary Report and Discovery Plan Discovery ends on 1/22/2024. Signed by Judge Richard W. Story on 09/21/2023. (sk) (Entered: 09/21/2023) |
| 09/29/2023 | 20 | Initial Disclosures by Old Republic Insurance Company. (Attachments: # 1 Exhibit Attachment E)(Yancey, Benjamin) (Entered: 09/29/2023) |
| 09/29/2023 | 21 | Initial Disclosures by National Indemnity Company of the South. (Attachments: # 1 Exhibit Attachments)(Demasi, Melody) (Entered: 09/29/2023) |
| 09/29/2023 | 22 | Initial Disclosures by Freddie Cagle.(Ellis, Danny) (Entered: 09/29/2023) |
| 10/27/2023 | 23 | CERTIFICATE OF SERVICE *of Notice of Deposition Duces Tecum* by Freddie Cagle.(Ellis, Danny) (Entered: 10/27/2023) |
| 10/31/2023 | 24 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Brantley, Terry) (Entered: 10/31/2023) |
| 11/02/2023 | 25 | CERTIFICATE OF SERVICE *Amended Notice of Deposition* by Freddie Cagle.(Ellis, Danny) (Entered: 11/02/2023) |
| 11/14/2023 | 26 | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Yancey, Benjamin) (Entered: 11/14/2023) |
| 11/16/2023 | 27 | *AMENDED* ANSWER to 1 COMPLAINT with Jury Demand by Old Republic Insurance Company.(Brantley, Terry) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 11/16/2023) |
| 11/28/2023 | 28 | CERTIFICATE OF SERVICE by Freddie Cagle.(Alexander, Mark) (Entered: 11/28/2023) |
| 11/28/2023 | 29 | CERTIFICATE OF SERVICE by Freddie Cagle.(Alexander, Mark) (Entered: 11/28/2023) |
| 11/29/2023 | 30 | CERTIFICATE OF SERVICE *Response to Old Republic Insurance Company's First Request for Production of Documents* by Freddie Cagle.(Alexander, Mark) (Entered: 11/29/2023) |
| 11/30/2023 | 31 | STIPULATION *Extending Time for National Indemnity Company of the South to Respond to Old Republic Insurance Company's Discovery* by National Indemnity Company of the South. (Demasi, Melody) (Entered: 11/30/2023) |
| 11/30/2023 | 32 | CERTIFICATE OF SERVICE by National Indemnity Company of the South.(Demasi, Melody) (Entered: 11/30/2023) |
| 12/08/2023 | 33 | Notice for Leave of Absence for the following date(s): Tuesday, December 26, 2023 through and including Monday, January 8, 2024, by Melody H. Demasi. (Demasi, Melody) (Entered: 12/08/2023) |
| 12/13/2023 | 34 | CERTIFICATE OF SERVICE *Rule 5.4* by Freddie Cagle.(Gould, Andrew) (Entered: 12/13/2023) |
| 12/13/2023 | 35 | CERTIFICATE OF SERVICE re 34 Certificate of Service *Amended Rule 5.4* by Freddie Cagle.(Gould, Andrew) (Entered: 12/13/2023) |
| 12/14/2023 | 36 | CERTIFICATE OF SERVICE by National Indemnity Company of the South.(Demasi, Melody) (Entered: 12/14/2023) |
| 12/21/2023 | 37 | CERTIFICATE OF SERVICE by National Indemnity Company of the South.(Demasi, Melody) (Entered: 12/21/2023) |
| 12/21/2023 | 38 | First MOTION to Strike 27 Answer to Complaint *for Declaratory Judgment* by Freddie Cagle. (Ellis, Danny) (Entered: 12/21/2023) |
| 12/30/2023 | 39 | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Brantley, Terry) (Entered: 12/30/2023) |
| 01/04/2024 | 40 | RESPONSE in Opposition re 38 First MOTION to Strike 27 Answer to Complaint *for Declaratory Judgment* filed by Old Republic Insurance Company. (Attachments: # 1 Exhibit A – Email, # 2 Exhibit B – Affidavit, # 3 Exhibit C – Second Amended Answer)(Brantley, Terry) (Entered: 01/04/2024) |
| 01/19/2024 | | |

| | | |
|---|---|---|
| | | Submission of <u>38</u> First MOTION to Strike <u>27</u> Answer to Complaint *for Declaratory Judgment*, to District Judge Richard W. Story. (sk) (Entered: 01/19/2024) |
| 01/19/2024 | <u>41</u> | CERTIFICATE OF SERVICE *Plaintiff's Response to Nat'L Indemnity of the South's First Request for Admissions* by Freddie Cagle.(Ellis, Danny) (Entered: 01/19/2024) |
| 01/19/2024 | <u>42</u> | CERTIFICATE OF SERVICE by National Indemnity Company of the South.(Demasi, Melody) (Entered: 01/19/2024) |
| 01/22/2024 | <u>43</u> | CERTIFICATE OF SERVICE *of Plaintiff's Response to Nat'l Indemnity Interrogatories and Request for Production of Documents* by Freddie Cagle.(Ellis, Danny) (Entered: 01/22/2024) |
| 01/22/2024 | <u>44</u> | Joint MOTION for Extension of Time Discovery and Motions Deadlines re: <u>19</u> Scheduling Order by National Indemnity Company of the South. (Attachments: # <u>1</u> Text of Proposed Order Proposed Order)(Demasi, Melody) (Entered: 01/22/2024) |
| 01/23/2024 | <u>45</u> | ORDER granting the parties' <u>44</u> Joint to Extend Discovery and Motions Deadlines. The deadline to complete discovery is extended through and including April 22, 2024. The deadline to file all motions, including dispositive and Daubert motions is extended through and including May 15, 2024. Signed by Judge Richard W. Story on 01/23/2024. (ddm) (Entered: 01/23/2024) |
| 01/30/2024 | <u>46</u> | CERTIFICATE OF SERVICE *Rule 5.4* by Freddie Cagle.(Gould, Andrew) (Entered: 01/30/2024) |
| 02/05/2024 | <u>47</u> | First MOTION for Summary Judgment on MCS−90 Insurance Endorsements, with Brief In Support, by Freddie Cagle. (Attachments: # <u>1</u> Statement of Material Facts, # <u>2</u> Exhibit Form MCS−90, # <u>3</u> Exhibit Nat'l Indemnity Dec. Page, # <u>4</u> Exhibit FMCSA Acceptance Report, # <u>5</u> Exhibit Nat'l Inndemnity Policy Cancellation, # <u>6</u> Exhibit Cancellation Review, # <u>7</u> Exhibit Form MCS−90 One Way Hauling, # <u>8</u> Exhibit FMCSA Acceptance Report, # <u>9</u> Exhibit Entry of Default, # <u>10</u> Exhibit Findings of Fact, # <u>11</u> Brief)(Ellis, Danny) −−Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.−− Modified on 2/6/2024 to edit docket text (ddm). (Entered: 02/05/2024) |
| 02/05/2024 | <u>48</u> | Certificate of Service by Freddie Cagle re <u>47</u> First MOTION for Summary Judgment. (Ellis, Danny) Modified on 2/6/2024 to edit docket text (ddm). (Entered: 02/05/2024) |
| 02/09/2024 | <u>49</u> | NOTICE by Freddie Cagle *Leave of Absence for Mark Alexander* (Attachments: # <u>1</u> Exhibit Exhibit A to Leave of Absence for Mark Alexander)(Alexander, Mark) (Entered: 02/09/2024) |
| 02/09/2024 | <u>50</u> | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Brantley, Terry) (Entered: 02/09/2024) |
| 02/22/2024 | <u>51</u> | MOTION for Extension of Time File Response to Plaintiff's Motion for Summary Judgment re: <u>47</u> First MOTION for Summary Judgment on MCS−90 Insurance Endorsements with Brief In Support by Old Republic Insurance Company. (Attachments: # <u>1</u> Text of Proposed Order)(Yancey, Benjamin) (Entered: 02/22/2024) |
| 02/22/2024 | <u>52</u> | ORDER granting <u>51</u> Defendant Old Republic Insurance Company's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment. Defendants' time to respond to Plaintiff's Motion for Summary Judgment is extended through and including April 22, 2024. Signed by Judge Richard W. Story on |

| | | |
|---|---|---|
| | | 02/22/2024. (ddm) (Entered: 02/22/2024) |
| 02/26/2024 | 53 | Consent MOTION for Extension of Time for Defendant National Indemnity Company of the South to Respond to Plaintiff's Motion for Summary Judgment re: 47 First MOTION for Summary Judgment on MCS−90 Insurance Endorsements by National Indemnity Company of the South. (Attachments: # 1 Text of Proposed Order Proposed Order)(Demasi, Melody) (Entered: 02/26/2024) |
| 03/01/2024 | 54 | Consent MOTION for Extension of Time For Defendants to Respond to Plaintiff's Motion for Summary Judgment by Freddie Cagle. (Attachments: # 1 Text of Proposed Order)(Alexander, Mark) (Entered: 03/01/2024) |
| 03/04/2024 | 55 | ORDER granting 54 Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment. Defendants' deadline to respond to Plaintiffs Motion for Summary Judgment is extended through and including March 8, 2024. Signed by Judge Richard W. Story on 03/04/2024. (ddm) (Entered: 03/04/2024) |
| 03/04/2024 | 56 | ORDER finding as moot 53 Motion for Extension of Time in light of the parties' Revised Consent Motion 54 and Consent Order 55 granting all Defendants additional time to respond to Plaintiff's Motion for Summary Judgment 47 . Signed by Judge Richard W. Story on March 4, 2024. (kat) (Entered: 03/04/2024) |
| 03/04/2024 | 57 | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Yancey, Benjamin) (Entered: 03/04/2024) |
| 03/08/2024 | 58 | RESPONSE in Opposition re 47 First MOTION for Summary Judgment on MCS−90 Insurance Endorsements filed by Old Republic Insurance Company. (Attachments: # 1 Statement of Material Facts ORIC's Statement of Material Facts, # 2 Exhibit 1 – Email, # 3 Exhibit 2 – Accident Report, # 4 Exhibit 3 – Complaint, # 5 Exhibit 4 – Release, # 6 Exhibit 5 – Amended Complaint, # 7 Exhibit 6 – Opposition to Wesco MSJ, # 8 Exhibit 7 – Order, # 9 Exhibit 8 – Transcript)(Brantley, Terry) (Entered: 03/08/2024) |
| 03/08/2024 | 59 | RESPONSE re 47 First MOTION for Summary Judgment on MCS−90 Insurance Endorsements filed by National Indemnity Company of the South. (Demasi, Melody) (Entered: 03/08/2024) |
| 03/08/2024 | 60 | Response to Statement of Material Facts re 47 First MOTION for Summary Judgment on MCS−90 Insurance Endorsements filed by National Indemnity Company of the South. (Attachments: # 1 Exhibit 1 National Indemnity Policy, # 2 Exhibit 2 National Indemnity BMC−91x Acceptance Report, # 3 Exhibit 3 National Indemnity MCS−90, # 4 Exhibit 4 Order on Wescos MSJ in Underlying Lawsuit, # 5 Exhibit 5 Affidavit of John Pecoraro, # 6 Exhibit 6 Photo of Accident Vehicle, # 7 Exhibit 7 Police Report, # 8 Exhibit 8 Cancellation Processing Review, # 9 Exhibit 9 One Way USDOT Information, # 10 Exhibit 10 Old Republic MCS−90, # 11 Exhibit 11 Old Republic BMC−91x Acceptance Report)(Demasi, Melody) (Entered: 03/08/2024) |
| 03/08/2024 | 61 | Statement of Material Facts re 47 First MOTION for Summary Judgment on MCS−90 Insurance Endorsements filed by National Indemnity Company of the South. (Attachments: # 1 Exhibit 1 Police Report, # 2 Exhibit 2 Plaintiffs Response to Wescos MSJ in Underlying Lawsuit, # 3 Exhibit 3 Order on Wescos MSJ in Underlying Lawsuit, # 4 Exhibit 4 First Time Transport Website, # 5 Exhibit 5 Excerpts from Lobaina Deposition, # 6 Exhibit 6 Kings Way USDOT Information, # 7 Exhibit 7 One Way USDOT Information, # 8 Exhibit 8 National Indemnity Policy, # 9 Exhibit 9 Complaint in Underlying Lawsuit, # 10 Exhibit 10 National Indemnitys |

| | | |
|---|---|---|
| | | Response to Old Republics Interrogatories, # 11 Exhibit 11 Judgment in Underlying Lawsuit, # 12 Exhibit 12 One Way USDOT Information, # 13 Exhibit 13 National Indemnity BMC–91x Acceptance Report, # 14 Exhibit 14 National Indemnity MCS–90, # 15 Exhibit 15 Email Correspondence, # 16 Exhibit 16 Detailed Inspection Reports for One Way, # 17 Exhibit 17 August 15, 2019 Email Correspondence, # 18 Exhibit 18 Old Republic MCS–90, # 19 Exhibit 19 Old Republic Declarations Page, # 20 Exhibit 20 Photo of Accident Vehicle, # 21 Exhibit 21 Affidavit of John Pecoraro)(Demasi, Melody) (Entered: 03/08/2024) |
| 03/08/2024 | 62 | Additional Statement of Material Facts in support of opposition to 47 First MOTION for Summary Judgment on MCS–90 Insurance Endorsements filed by Old Republic Insurance Company. (Attachments: # 1 Exhibit 1 – Email, # 2 Exhibit 2 – Accident Report, # 3 Exhibit 3 – Complaint, # 4 Exhibit 4 – Release, # 5 Exhibit 5 – Amended Complaint, # 6 Exhibit 6 – Opp to Wesco MSJ, # 7 Exhibit 7 – Order, # 8 Exhibit 8 – Transcript)(Brantley, Terry) Modified on 3/11/2024 to edit docket text (ddm). (Entered: 03/08/2024) |
| 03/11/2024 | 63 | NOTICE of Appearance by Dahlin Alexis Fields on behalf of Old Republic Insurance Company (Fields, Dahlin) (Entered: 03/11/2024) |
| 03/14/2024 | 64 | APPLICATION for Admission of Laurence J. Rabinovich Pro Hac Vice (Application fee $ 100, receipt number AGANDC–13291815).by National Indemnity Company of the South. (Demasi, Melody) Documents for this entry are not available for viewing outside the courthouse. (Entered: 03/14/2024) |
| 03/15/2024 | | RETURN of 64 APPLICATION for Admission of Laurence J. Rabinovich Pro Hac Vice (Application fee $ 100, receipt number AGANDC–13291815) to attorney for correction. Reason for return: Applicant must list dates of court admissions. Please correct and resubmit. (cpp) (Entered: 03/15/2024) |
| 03/22/2024 | 65 | Response to Statement of Material Facts re 47 First MOTION for Summary Judgment on MCS–90 Insurance Endorsements filed by Freddie Cagle. (Gould, Andrew) (Entered: 03/22/2024) |
| 03/22/2024 | 66 | REPLY BRIEF re 47 First MOTION for Summary Judgment on MCS–90 Insurance Endorsements filed by Freddie Cagle. (Alexander, Mark) (Entered: 03/22/2024) |
| 03/22/2024 | 67 | Response to Statement of Material Facts re 47 First MOTION for Summary Judgment on MCS–90 Insurance Endorsements filed by Freddie Cagle. (Attachments: # 1 Exhibit Exhibit 1 – National Indemnity Email)(Gould, Andrew) (Entered: 03/22/2024) |
| 03/29/2024 | 68 | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Yancey, Benjamin) (Entered: 03/29/2024) |
| 04/01/2024 | 69 | APPLICATION for Admission of Laurence J. Rabinovich Pro Hac Vice.by National Indemnity Company of the South. (Demasi, Melody) Documents for this entry are not available for viewing outside the courthouse. (Entered: 04/01/2024) |
| 04/01/2024 | 70 | Minute Entry for proceedings held before Judge Richard W. Story: Telephone Conference held on 4/1/2024. The Court discussed discovery issues with counsel. (sk) (Entered: 04/01/2024) |
| 04/02/2024 | 71 | ORDER re Discovery Dispute: As explained during the April 1, 2024 telephone conference, the Court, in its discretion, is inclined to allow the limited, targeted discovery requested by Old Republic. In short, the Court is of the view that a more |

| | | |
|---|---|---|
| | | robust record will be beneficial in resolving the question of applicability of the Old Republic MCS−90. To that end, the Court also finds that the existing Motion for Summary Judgment [Dkt. 47 ] filed by Plaintiff Cagle is premature. See FED. R. CIV. P. 56(d). Accordingly, the Court will defer ruling on Plaintiff's Motion for Summary Judgment, and deny the motion without prejudice, and with leave to renew, once discovery is complete. Signed by Judge Richard W. Story on 4/02/2024. (Attachments: # 1 Cagle v. ORIC – Letter to Court re Discovery Dispute, # 2 Plaintiff's Memorandum to Judge Story re Discovery Dispute) (rsg) (Entered: 04/02/2024) |
| 04/02/2024 | | APPROVAL by Clerks Office re: 69 APPLICATION for Admission of Laurence J. Rabinovich Pro Hac Vice. Attorney Laurence Rabinovich added appearing on behalf of National Indemnity Company of the South. E–filing access may be requested after an order granting the application is entered. (cpp) (Entered: 04/02/2024) |
| 04/03/2024 | 72 | ORDER approving 69 Application for Admission Pro Hac Vice of Laurence J. Rabinovich for National Indemnity Company of the South. Signed by Judge Richard W. Story on 04/03/2024. (sk) (Entered: 04/03/2024) |
| 04/03/2024 | | Clerk's Certificate of Mailing as to Laurence J. Rabinovich for National Indemnity Company of the South re 72 Order on Application for Admission PHV. (sk) (Entered: 04/03/2024) |
| 04/22/2024 | 73 | CERTIFICATE OF SERVICE *Pl's Supplemental Responses to Old Republic* by Freddie Cagle.(Alexander, Mark) (Entered: 04/22/2024) |
| 04/22/2024 | 74 | CERTIFICATE OF SERVICE *Pl's Supplemental Responses to National Indemnity* by Freddie Cagle.(Alexander, Mark) (Entered: 04/22/2024) |
| 05/01/2024 | 75 | Second MOTION for Extension of Time to Complete Discovery *and Motions Deadlines* by Old Republic Insurance Company. (Attachments: # 1 Text of Proposed Order Proposed Order)(Yancey, Benjamin) (Entered: 05/01/2024) |
| 05/01/2024 | 76 | ORDER granting the parties' 75 Joint Motion to Extend Discovery and Motions Deadlines. The deadline to complete discovery is extended through and including June 17, 2024. The deadline to file all motions, including dispositive and Daubert motions, is extended through and including July 15, 2024. Signed by Judge Richard W. Story on 05/01/2024. (ddm) (Entered: 05/01/2024) |
| 05/08/2024 | 77 | CERTIFICATE OF SERVICE *of Plaintiff's Discovery requests to Defendants ORIC and NICS* by Freddie Cagle.(Alexander, Mark) (Entered: 05/08/2024) |
| 05/15/2024 | 78 | ORDER DENYING AS MOOT Plaintiff Freddie Cagle's Motion to Strike [Dkt. 38] Old Republic's Tenth Affirmative Defense within its November 16, 2023 Amended Answer. It is further ORDERED that leave is granted such that Defendant Old Republic may file its Proposed Second Amended Answer [Dkt. 40–3, Exhibit C]. Signed by Judge Richard W. Story on 05/15/2024. (ddm) (Entered: 05/15/2024) |
| 05/16/2024 | 79 | *SECOND AMENDED* ANSWER to 1 COMPLAINT with Jury Demand by Old Republic Insurance Company.(Brantley, Terry) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 05/16/2024) |
| 05/24/2024 | 80 | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Yancey, Benjamin) (Entered: 05/24/2024) |
| 06/05/2024 | 81 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE *P Supp Disc Resp to National Indemnity* by Freddie Cagle.(Ellis, Danny) (Entered: 06/05/2024) |
| 06/05/2024 | 82 | CERTIFICATE OF SERVICE *Pl 2nd Supp Resp to Old Republic* by Freddie Cagle.(Ellis, Danny) (Entered: 06/05/2024) |
| 06/06/2024 | 83 | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Brantley, Terry) (Entered: 06/06/2024) |
| 06/06/2024 | 84 | CERTIFICATE OF SERVICE *of Discovery* by National Indemnity Company of the South.(Demasi, Melody) (Entered: 06/06/2024) |
| 06/12/2024 | 85 | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Brantley, Terry) (Entered: 06/12/2024) |
| 06/17/2024 | 86 | NOTICE by National Indemnity Company of the South *Of Intent to Serve Subpoenas for Records pursuant to Federal Rules of Civil Procedure 45*. (Attachments: # 1 Supplement Subpoena to Wesco Insurance Company)(Demasi, Melody) Modified on 6/18/2024 to edit docket text (ddm). (Entered: 06/17/2024) |
| 07/12/2024 | 87 | CERTIFICATE OF SERVICE *of Discovery* by Freddie Cagle.(Alexander, Mark) (Entered: 07/12/2024) |
| 07/15/2024 | 88 | Consent MOTION for Extension of Time to File Motions for Summary Judgment by National Indemnity Company of the South. (Attachments: # 1 Text of Proposed Order Proposed Order)(Demasi, Melody) (Entered: 07/15/2024) |
| 07/16/2024 | 89 | ORDER granting the parties' 88 Consent Motion to Extend Time to File Motions for Summary Judgment. The parties' deadline to file dispositive motions is extended through and including July 29, 2024. Signed by Judge Richard W. Story on 07/16/2024. (ddm) (Entered: 07/16/2024) |
| 07/17/2024 | 90 | MOTION for Summary Judgment with Brief In Support by Freddie Cagle. (Attachments: # 1 Statement of Material Facts Statement of Additional Undisputed Material Facts, # 2 Exhibit 05 – Affidavit of Ariel Calzada, # 3 Exhibit 06 – Yadiel Cordero deposition, # 4 Exhibit 07 – Isabel Cordero deposition, # 5 Exhibit 08 – Payment ledger, # 6 Exhibit 09 – Lease agreement, # 7 Exhibit 10 – Form 1099, # 8 Exhibit 11 – NICO's Response to Requests for Admission, # 9 Exhibit 12 – ORIC's Response to Plaintiff's RFAs, # 10 Exhibit 13 – Defendant Old Republic's Responses to Plaintiff's First RPD, # 11 Exhibit 14 – Loyola deposition, # 12 Brief Supporting Pl's Renewed Motion for Summary Judgment)(Alexander, Mark) ––Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– Modified on 7/17/2024 to remove duplicative wording (sk). (Entered: 07/17/2024) |
| 07/19/2024 | 91 | MOTION for Extension of Time to Complete Discovery *and Extend Deadlines* by Old Republic Insurance Company. (Brantley, Terry) (Entered: 07/19/2024) |
| 07/19/2024 | 92 | CERTIFICATE OF SERVICE *OF DISCOVERY* by Old Republic Insurance Company.(Yancey, Benjamin) (Entered: 07/19/2024) |
| 07/23/2024 | 93 | RESPONSE re 86 Notice (Other), filed by Wesco Insurance Company. (Attachments: # 1 Exhibit Affidavit of Records Custodian)(Allred, William) (Entered: 07/23/2024) |
| 07/25/2024 | 94 | RESPONSE in Opposition re 91 MOTION for Extension of Time to Complete Discovery *and Extend Deadlines* filed by Freddie Cagle. (Attachments: # 1 Exhibit A |

| | | |
|---|---|---|
| | | – Affidavit of Ariel Calzada, # 2 Exhibit B – March 29, 2024 email, # 3 Exhibit C – April 9, 2024 email, # 4 Exhibit D – April 10, 2024 email, # 5 Exhibit E – Plaintiffs counsels receipts, # 6 Exhibit F – April 17, 2024 email, # 7 Exhibit G – May 24, 2024 email, # 8 Exhibit H – July 12, 2024 email, # 9 Exhibit I – July 19, 2024 email, # 10 Errata Exhibit J – July 24, 2024 email)(Alexander, Mark) Modified on 7/25/2024 to remove duplicative wording (sk). (Entered: 07/25/2024) |
| 07/29/2024 | 95 | REPLY to Response to Motion re 91 MOTION for Extension of Time to Complete Discovery *and Extend Deadlines* filed by Old Republic Insurance Company. (Attachments: # 1 Exhibit A – Calzada Affidavit, # 2 Exhibit B – Affidavit, # 3 Exhibit C – Deposition)(Brantley, Terry) (Entered: 07/29/2024) |
| 07/29/2024 | | Submission of 91 MOTION for Extension of Time to Complete Discovery *and Extend Deadlines*, to District Judge Richard W. Story. (sk) (Entered: 07/29/2024) |
| 07/29/2024 | 96 | MOTION for Summary Judgment with Brief In Support by Old Republic Insurance Company. (Attachments: # 1 Brief ORIC's Brief in Support of its Motion for Summary Judgment, # 2 Statement of Material Facts ORIC's Statement of Material Facts, # 3 Exhibit 1 – Email, # 4 Exhibit 2 – PR, # 5 Exhibit 3 – FMCSA Rpt, # 6 Exhibit 4 – Photo, # 7 Exhibit 5 – Complaint, # 8 Exhibit 6 – Release, # 9 Exhibit 7 – Amended Complaint, # 10 Exhibit 8 – Pecoraro Affidavit, # 11 Exhibit 9 – Wesco SOMF, # 12 Exhibit 10 – Cagle Opp to Wesco MSJ, # 13 Exhibit 11 – Order, # 14 Exhibit 12 – Pltff disc resp, # 15 Exhibit 13 – Pre–Trial Conf, # 16 Exhibit 14 – Default Findings, # 17 Exhibit 15 – One Way Sub, # 18 Exhibit 16 – Calzada Sub, # 19 Exhibit 17 – YCC Sub, # 20 Exhibit 18 – Cordero Sub, # 21 Exhibit 19 – Cordero Dep, # 22 Exhibit 20 – YCC Dep, # 23 Exhibit 21 – Pltff Supp Disc)(Brantley, Terry) —–Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– (Entered: 07/29/2024) |
| 07/29/2024 | 97 | MOTION for Summary Judgment with Brief In Support by National Indemnity Company of the South. (Attachments: # 1 Brief in Support of Motion for Summary Judgment, # 2 Statement of Material Facts Statement of Material Facts, # 3 Exhibit 1 – Police Report, # 4 Exhibit 2 – Ps Opposition Brief – 106, # 5 Exhibit 3 – Wesco MSJ Order – 111, # 6 Exhibit 4 – First Time Transport– Website, # 7 Exhibit 5 – 2021.06.25 Depo of Lobania – Excerpts, # 8 Exhibit 6 – Licensing and Insurance Public Info – Kings Way, # 9 Exhibit 7 – Licensing and Insurance Public Info – One Way, # 10 Exhibit 8 – NICO Policy, # 11 Exhibit 9 – Cagle Complaint – Closed Case– 1, # 12 Exhibit 10 – 2023.12.14 NICO Response to ORIC First Rogs, # 13 Exhibit 11– Cagle Closed Case – Clerks Judgment – 143, # 14 Exhibit 12 – Licensing and Insurance Public Info – One Way, # 15 Exhibit 13 – NICO BMC–91 Acceptance Report, # 16 Exhibit 14 – NICO MSC 90, # 17 Exhibit 15 – Communications ORIC 000007 –11, # 18 Exhibit 16 – Inspection Detail Reports, # 19 Exhibit 17 – Communications, # 20 Exhibit 18 – ORIC MCS–90 Endorsement, # 21 Exhibit 19 – Declaration Page, # 22 Exhibit 20 – Photograph, # 23 Exhibit 21 – Affidavit of John Pecoraro, # 24 Exhibit 22 – Authority History, # 25 Exhibit 23 – FMCA Licensing and Insurance Public History)(Demasi, Melody) —–Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– (Entered: 07/29/2024) |
| 07/30/2024 | 98 | Notice for Leave of Absence for the following date(s): September 11, 2024 September 13, 2024; September 19, 2024 September 20, 2024; October 24, 2024 October 29, 2024; October 31, 2024 November 1, 2024; and, December 23, 2024 January 7, |

| | | |
|---|---|---|
| | | 2025., by Melody H. Demasi. (Demasi, Melody) (Entered: 07/30/2024) |
| 07/31/2024 | 99 | ORDER DENYING Old Republic Insurance Company's Motion to Reopen and Extend Discovery and Motions Deadlines [Dkt. 91]. Signed by Judge Richard W. Story on 07/31/2024. (ddm) (Entered: 07/31/2024) |
| 08/07/2024 | 100 | RESPONSE in Opposition re 90 MOTION for Summary Judgment filed by Old Republic Insurance Company. (Attachments: # 1 Statement of Material Facts Response and Objection to Plaintiff's Statement of Additional Undisputed Material Facts, # 2 Exhibit A – Loyola transcript, # 3 Exhibit B – FMCSA Reports, # 4 Exhibit C – Lease)(Brantley, Terry) (Entered: 08/07/2024) |
| 08/07/2024 | 101 | RESPONSE in Opposition re 90 MOTION for Summary Judgment filed by National Indemnity Company of the South. (Demasi, Melody) (Entered: 08/07/2024) |
| 08/07/2024 | 102 | *Response to Plaintiff's Statement of Additional Undisputed Material Facts* re 90 MOTION for Summary Judgment filed by National Indemnity Company of the South. (Attachments: # 1 Exhibit 1 – NICO Policy, # 2 Exhibit 2 – FMCSA Acceptance Report, # 3 Exhibit 3 – NICO MCS– 90, # 4 Exhibit 4 – Order Granting Wesco MSJ, # 5 Exhibit 5 –Affidavit of John Pecoraro, # 6 Exhibit 6 – Photograph, # 7 Exhibit 7 – Police Report, # 8 Exhibit 8 – Cancellation Processing Review, # 9 Exhibit 9 – Licensing and Insurance Public Info, # 10 Exhibit 10 – ORIC MCS–90, # 11 Exhibit 11 – ORIC BMC–91x Acceptance Report, # 12 Exhibit 12 – Depo of Lobania – 08.18.21, # 13 Exhibit 13 – Authority History, # 14 Exhibit 14 – Ps Opposition Brief, # 15 Exhibit 15 – Depo of Yadiel Cordero, # 16 Exhibit 16 – Depo of Lobaina 06.25.21, # 17 Exhibit 17 – FL Profit Corp Annual Report, # 18 Exhibit 18 – Depo of Isabel Cordero, # 19 Exhibit 19 – Lease Agreement)(Demasi, Melody) Modified on 8/8/2024 to edit docket text (ddm). (Entered: 08/07/2024) |
| 08/07/2024 | 103 | *Statement of Additional Material Facts* re 90 MOTION for Summary Judgment filed by National Indemnity Company of the South. (Attachments: # 1 Exhibit 1 – Police Report, # 2 Exhibit 2 – Opposition Brief Doc 106, # 3 Exhibit 3 – Wesco MSJ Order Doc 111, # 4 Exhibit 4 – First Time Transport Website, # 5 Exhibit 5 – Deposition of Lobaina – 06.25.21, # 6 Exhibit 6 – Licensing and Insurance Public Info – Kings Way, # 7 Exhibit 7 – Licensing and Insurance Public Info – One Way, # 8 Exhibit 8 – NICO Policy, # 9 Exhibit 9 – Cagle Complaint, # 10 Exhibit 10 – NICO Response to ORIC Rogs, # 11 Exhibit 11 – Cagle Closed Case–Judgment Doc 143, # 12 Exhibit 12 – Licensing and Public Info– One Way, # 13 Exhibit 13 – NICO BMC–91x, # 14 Exhibit 14 NICO MCS–90, # 15 Exhibit 15 – ORIC 7 –11, # 16 Exhibit 16 – Inspection Detail Reports, # 17 Exhibit 17 – Communications, # 18 Exhibit 18 – ORIC MCS–90, # 19 Exhibit 19 – Declaration Page, # 20 Exhibit 20 – Photograph, # 21 Exhibit 21 – Depo of Lobania 08.18.21, # 22 Exhibit 22 – Affidavit of Pecoraro, # 23 Exhibit 23 –Authority History)(Demasi, Melody) Modified on 8/8/2024 to edit docket text (ddm). (Entered: 08/07/2024) |
| 08/19/2024 | 104 | RESPONSE in Opposition re 97 MOTION for Summary Judgment , 96 MOTION for Summary Judgment filed by Freddie Cagle. (Attachments: # 1 Exhibit Ex 1 – Affidavit of Douglas J Jeffrey Esq)(Alexander, Mark) (Entered: 08/19/2024) |
| 08/19/2024 | 105 | Response to Statement of Material Facts re 97 MOTION for Summary Judgment filed by Freddie Cagle. (Ellis, Danny) (Entered: 08/19/2024) |
| 08/19/2024 | 106 | Response to Statement of Material Facts re 97 MOTION for Summary Judgment filed by Freddie Cagle. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Ellis, Danny) (Entered: 08/19/2024) |

| 08/19/2024 | 107 | Response to Statement of Material Facts re 96 MOTION for Summary Judgment filed by Freddie Cagle. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Ellis, Danny) (Entered: 08/19/2024) |
| --- | --- | --- |
| 08/20/2024 | 108 | CERTIFICATE OF SERVICE re 107 Response to Statement of Material Facts, 106 Response to Statement of Material Facts, 105 Response to Statement of Material Facts filed by Freddie Cagle (Ellis, Danny) (Entered: 08/20/2024) |
| 08/20/2024 | 109 | Response to Statement of Material Facts re 96 MOTION for Summary Judgment *(CORRECTED DOC 107)* filed by Freddie Cagle. (Ellis, Danny) (Entered: 08/20/2024) |
| 08/26/2024 | | Submission of 90 MOTION for Summary Judgment , to District Judge Richard W. Story. (sk) (Entered: 08/26/2024) |
| 09/03/2024 | 110 | REPLY BRIEF re 97 MOTION for Summary Judgment filed by National Indemnity Company of the South. (Demasi, Melody) (Entered: 09/03/2024) |
| 09/03/2024 | 111 | REPLY BRIEF re 96 MOTION for Summary Judgment filed by Old Republic Insurance Company. (Yancey, Benjamin) (Entered: 09/03/2024) |
| 09/04/2024 | | Submission of 96 MOTION for Summary Judgment , to District Judge Richard W. Story. (sk) (Entered: 09/04/2024) |
| 09/04/2024 | | Submission of 97 MOTION for Summary Judgment , to District Judge Richard W. Story. (sk) (Entered: 09/04/2024) |
| 09/11/2024 | 112 | *Mediator's Report Signed by All Parties* by Freddie Cagle. (Alexander, Mark) Modified on 9/11/2024 to edit docket text (ddm). (Entered: 09/11/2024) |
| 01/29/2025 | 113 | ORDER that Plaintiff Freddie Cagle's Motion (& Renewed Motion) for Summary Judgment [Dkts. 47 , 90 ] is GRANTED, in part, and DENIED, in part. It is further ORDERED that Defendant Old Republic's Motion for Summary Judgment [Dkt. 96 ] is GRANTED, and Defendant National Indemnity's Motion for Summary Judgment [Dkt. 97 ] is DENIED. As such, Plaintiff Cagle is entitled to payment of Defendant National Indemnity's MCS–90 endorsement in the amount of $750,000. The Clerk is DIRECTED to close the case. Signed by Judge Richard W. Story on 1/29/2025. (rsg) (Entered: 01/29/2025) |
| 01/29/2025 | | Civil Case Terminated. (rsg) (Entered: 01/29/2025) |
| 01/29/2025 | 114 | CLERK'S JUDGMENT that Plaintiff Cagle is entitled to payment of Defendant National Indemnity's MCS–90 endorsement in the amount of $750,000, and the action be, and the same hereby, is dismissed. (rsg)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 01/29/2025) |
| 02/11/2025 | 115 | MOTION for Reconsideration re 113 Order on Motion for Summary Judgment,,,,,,,, with Brief In Support by Freddie Cagle. (Alexander, Mark) (Entered: 02/11/2025) |
| 02/25/2025 | 116 | RESPONSE re 115 MOTION for Reconsideration re 113 Order on Motion for Summary Judgment,,,,,,,, filed by National Indemnity Company of the South. (Demasi, Melody) (Entered: 02/25/2025) |
| 02/25/2025 | 117 | RESPONSE in Opposition re 115 MOTION for Reconsideration re 113 Order on Motion for Summary Judgment filed by Old Republic Insurance Company. (Fields, Dahlin) Modified on 2/26/2025 to edit docket text (ddm). (Entered: 02/25/2025) |

| 03/04/2025 | 118 | REPLY to Response to Motion re 115 MOTION for Reconsideration re 113 Order on Motion for Summary Judgment,,,,,,,,,, *Pl's Reply to ORIC & NICO's Responses to 115* filed by Freddie Cagle. (Alexander, Mark) (Entered: 03/04/2025) |
| 03/04/2025 | | Submission of 115 MOTION for Reconsideration re 113 Order on Motion for Summary Judgment, to District Judge Richard W. Story. (sk) (Entered: 03/04/2025) |
| 04/29/2025 | 119 | ORDER GRANTING Plaintiff's Motion for Reconsideration [Dkt. 115]. Accordingly, the Court's January 25, 2025 Order [Dkt. 113] is AMENDED to reflect that Plaintiff Freddie Cagle's Motion (& Renewed Motion) for Summary Judgment [Dkts. 47, 90] is GRANTED. It is further ORDERED that Defendant Old Republic's Motion for Summary Judgment [Dkt. 96] is DENIED. In addition to payment of the National Indemnity MCS–90 endorsement for $750,000, Plaintiff is entitled to payment of Old Republic's MCS–90 endorsement in the amount of $1,000,000. The Clerk is DIRECTED to prepare an AMENDED Judgment accordingly. Signed by Judge Richard W. Story on 04/29/2025. (ddm) (Entered: 04/29/2025) |
| 04/29/2025 | 120 | CLERK'S AMENDED JUDGMENT entered in favor of Plaintiff. (ddm)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 04/29/2025) |
| 05/19/2025 | 121 | NOTICE OF APPEAL as to 120 Clerk's Judgment, 119 Order on Motion for Reconsideration,, 113 Order on Motion for Summary Judgment,,,,,,,, by National Indemnity Company of the South. Case Appealed to USCA – 11th Circuit. Filing fee $ 605, receipt number AGANDC–14308650. Transcript Order Form due on 6/2/2025 (Demasi, Melody) (Entered: 05/19/2025) |
| 05/20/2025 | 122 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order, and Docket Sheet to USCA – 11th Circuit re 121 Notice of Appeal. There is no Transcript. Appeal fees have been paid on receipt# AGANDC–14308650. The District Judge is Richard W. Story. (ddm) (Entered: 05/20/2025) |
| 05/23/2025 | 123 | NOTICE OF APPEAL as to 120 Clerk's Judgment, 119 Order on Motion for Reconsideration,, 113 Order on Motion for Summary Judgment,,,,,,,, by Old Republic Insurance Company. Case Appealed to USCA – 11th Circuit. Filing fee $ 605, receipt number AGANDC–14321195. Transcript Order Form due on 6/6/2025 (Brantley, Terry) (Entered: 05/23/2025) |
| 05/27/2025 | 124 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order, and Docket Sheet to USCA – 11th Circuit re 123 Notice of Appeal. There is no Transcript. This is not the first notice of appeal. Other notices were filed on 05/19/2025. Appeal fees have been paid on receipt# AGANDC–14321195. The District Judge is Richard W. Story. (ddm) (Entered: 05/27/2025) |
| 05/28/2025 | 126 | USCA Acknowledgment of 121 Notice of Appeal, filed by National Indemnity Company of the South. Case Appealed to USCA – 11th Circuit Case Number 25–11778–A. (rsg) (Entered: 05/30/2025) |
| 05/28/2025 | 127 | USCA Acknowledgment of 123 Notice of Appeal, filed by Old Republic Insurance Company. Case Appealed to USCA – 11th Circuit Case Number 25–11778–A. (rsg) (Entered: 05/30/2025) |
| 05/30/2025 | 125 | TRANSCRIPT Order Form (No Hrgs) re 121 Notice of Appeal,. (Demasi, Melody) Modified text on 5/30/2025 (rsg). (Entered: 05/30/2025) |
| 06/02/2025 | 128 | |

NOTICE OF CROSS APPEAL as to 113 Order on Motion for Summary Judgment,,,,,,, by Freddie Cagle. Filing fee $ 605, receipt number AGANDC−14343382. Transcript Order Form due on 6/12/2025 (Alexander, Mark) (Entered: 06/02/2025)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| FREDDIE CAGLE,<br><br>        Plaintiff,<br><br>        v.<br><br>NATIONAL INDEMNITY<br>COMPANY OF THE SOUTH, and<br>OLD REPUBLIC INSURANCE<br>COMPANY,<br><br>        Defendants. | Civil Action No.<br><br>2:23-cv-140-RWS |

## <u>ORDER</u>

This case comes before the Court on the parties' respective cross motions for summary judgment, related memoranda of law, and exhibits.

Plaintiff Freddie Cagle ("Cagle") renews his original Motion for Summary Judgment [Dkts. 47, 90]. Defendants Old Republic Insurance Company ("Old Republic") and National Indemnity Company of the South ("National Indemnity") oppose Plaintiff's Motion and move independently for summary judgment in their own favor [Dkts. 96, 97].

Having considered the record, the Court enters the following Order.

# BACKGROUND

This litigation was precipitated by a multi-vehicle accident involving a tractor-trailer and two vehicles that occurred on July 16, 2019 (the "Accident"). Plaintiff Cagle was driving one of the vehicles involved in the Accident.

The tractor-trailer, a 2014 Freightliner ("Freightliner") driven by Isidro Alex Lobaina Loloya ("Loyola"), was transporting property for compensation in interstate commerce when it struck a vehicle driven by Kent Wilson ("Wilson"). The collision between the Freightliner and Wilson forced Cagle's vehicle into the median. Wilson and Cagle were injured, and both independently initiated litigation following the Accident.

King's Way USA Transport, Inc. ("King's Way") was/is the owner of the tractor and trailer involved in the Accident. Loyola was/is a long-haul truck driver who drove for King's Way, First Time Transport, Inc. ("First Time"), and One Way Hauling Express Co. ("One Way"). King's Way, First Time, and One Way are all freight shipping and trucking companies. None of these motor carriers was self-insured.

In January 2019, One Way and Ryder Truck Rental, Inc. ("Ryder") entered into a Truck Lease and Service Agreement ("TLSA"), under which Ryder leased commercial vehicles to One Way. [Old Republic SOMF, at ¶ 1, Exhibit 1].

Under the TLSA, Ryder agreed to provide liability insurance for the leased vehicles.  [Id.].

### One Way

Ariel Calzada ("Calzada") led and managed One Way in 2019, including during the time frame of the wreck on July 16, 2019.  [PSMF, ¶¶ 22, 24].

Calzada was married to Isabel Cordero ("Ms. Cordero"), One Way's former president.  [PSMF, ¶ 20].  The marriage was dissolved sometime after 2021.  Calzada and Ms. Cordero had a son, Yadiel Calzada-Cordero ("Yadiel" or "Calzada-Cordero").  Calzada-Cordero is One Way's current president.[1]  [PSMF, ¶ 21].

While overseeing One Way, Calzada was aware that on July 16, 2019, Loyola was involved in a wreck while driving the 2014 Freightliner.  [PSMF, ¶ 27; Exhibit 5, Calzada Aff. ¶ 3].  At the time of the Accident, there is evidence that the Freightliner was being leased by One Way from King's Way.  [Id.; Dkt. 102-19,

---

[1] One Way adopted Yadiel Calzada-Cordero's deposition testimony as its corporate testimony.  See FED. R. CIV. P. 30(b)(6).  [Old Republic 7/9/2024 Statement of Material Facts ("Old Republic SOMF"), ¶ 27; Pl. Resp. ¶ 27].

Exhibit 19 – 1/20/2019 One Way/King's Way Lease Agreement ("1/20/2019 Lease Agreement")].[2]

**One Way's MCS-90 Endorsements**

National Indemnity and Old Republic were both insurers of One Way carrying federally mandated MCS-90 endorsements.  [Dkt. 47-1 – Plaintiff's Statement of Undisputed Material Facts ("PSMF"), ¶¶ 1-8].

National Indemnity issued a commercial auto insurance policy to One Way, Motor Carrier Insurance Policy No. 74 TRS 100541, that provided coverage for the three tractor trailers One Way did not lease from Ryder.[3]  [Dkt. 47-2].  The National Indemnity MCS-90 endorsement provided for $750,000 in coverage, effective May 5, 2019 through May 5, 2020.  [Dkt. 47-1 – PSMF, ¶¶ 1, 2, 3].

Old Republic also issued a commercial auto insurance policy to One Way, with an MCS-90 endorsement in the amount of $1,000,000.  [PSMF, ¶ 7].  The Old Republic Policy/Surety No. Z-35726 was requested and issued in August

---

[2] The January 20, 2019 Lease Agreement reflects that One Way leased four commercial tractor trailers from Kings Way. [1/20/2019 Lease Agreement]. The VIN number of the 2014 Freightliner truck listed on the crash report matches the VIN number of one of a 2014 Freightliner truck listed on One Way's 2019 Lease Agreement. [PSMF, ¶ 28].

[3] The 2014 Freightliner owned by Kings Way was one of the non-Ryder trucks.

2019. [PSMF, ¶ 7]. However, the Old Republic Policy was noted to take effect prior to August 2019 – with an effective date of June 14, 2019. [PSMF, ¶¶ 7, 8].[4]

**The "<u>Wilson</u> Action"**

On January 14, 2021, Wilson commenced litigation against multiple defendants, including, Loyola, First Time, and First Time's insurer, Wesco Insurance Company ("Wesco"), in the State Court of Gwinnett County, Georgia. [<u>Wilson v. Wesco Insurance Company</u>, Civil Action No. 21-C-00283-S2 (the "<u>Wilson</u> Action")]. Wilson and Wesco ultimately reached a settlement in May 2021 whereby Wesco paid its $750,000 MCS-90 endorsement to Wilson. [<u>Dkt. 96-10</u> – Exhibit 8, 7/27/2021 Affidavit of John Pecoraro ("Pecoraro Aff.")]. The Wilson-Wesco settlement followed Wesco's investigation of the Accident and subsequent determination that the Freightliner "was being operated under First Time's DOT authority at the time of the [Accident] and displayed First Time's company placard." [Pecoraro Aff. ¶ 2].

---

[4] Old Republic's BMC-91X form also represented an effective date of June 14, 2019. [PSMF, ¶ 8].

5

## Present Posture of Case

In Cagle's underlying negligence action, Cagle obtained a Final Judgment against multiple defendants in the amount of $4,565,120.42, plus interest.  See Cagle v. Wesco Insurance, Civil Action No. 2:21-cv-52-RWS ("Cagle I").  As noted, *supra*, neither First Time nor One Way was self-insured.

Cagle has not recovered from any defendant as the motor carrier defendants were not self-insured, and both National Indemnity and Old Republic refused to pay on their MCS-90 endorsements. The Cagle I Final Judgment remains unpaid. Cagle brings this direct action seeking declaratory judgment pursuant to 28 U.S.C. § 2201 against National Indemnity and Old Republic asserting MCS-90 liability as his avenue for recovery.[5]

Given the legal issues raised, an overview of Cagle I is helpful.

### I.    Cagle I

In Cagle I, Plaintiff's original Complaint [Dkt. 1] brought claims against King's Way and First Time, and Loyola, as well as a direct action against First Time's insurer, Wesco. Cagle asserted claims of negligence in the operation of a motor vehicle in interstate commerce against, *inter alia*, Loyola.

---

[5] A direct action is allowed under both federal law and regulation.  See 49 U.S.C. § 13906 and 49 C.F.R. § 387.

On July 7, 2021, Plaintiff filed a First Amended Complaint [Dkt. 56] asserting additional claims of negligence in the operation of a motor vehicle in interstate commerce against, *inter alia*, One Way.

On August 5, 2021, Wesco moved for summary judgment. [Dkt. 83]. On December 6, 2021, the Court granted Wesco's motion for summary judgment and dismissed Wesco from the case. The Court determined that Wesco's $750,000 payment to Wilson on the MCS-90 endorsement to the Wesco/First Time Policy satisfied Wesco's obligation. As a result, Cagle could not recover from Wesco. Consistent with the argument advanced at the time by Plaintiff, the Court's ruling was premised, in part, upon Cagle's agreement that Loyola was "operating the tractor and trailer under the DOT authority for Defendant First Time." [Cagle I, Dkt. 111 – 12/6/2021 Order at 2]. The Court's Order explained that Loyola also drove for King's Way and One Way. [Id.]. ("Mr. Loyola drove for King's Way, First Time, and One Way").

On October 29, 2021, default as to liability was entered against Defendants King's Way, AC Nationwide Transport, LLC ("AC Nationwide"), Calzada, Ms. Cordero, One Way, and First Time ("Defendants in Default") on all claims asserted within Cagle's Amended Complaint. [Cagle I, Dkts. 31, 107, 124; Dkt. 10/29/2021 Entry of Default].

On October 4, 2022, the Court granted Plaintiff Cagle's motion for partial summary judgment against Defendant Loyola and his liability as driver of the Freightliner. [Dkts. 125, 128]. The determination of damages was reserved.

On February 6, 2023, the undersigned presided over a bench trial to determine the amount of damages for which Defendants in Default were liable to Cagle. Cagle sought findings of fact and conclusions of law in his favor that would trigger One Way's MCS-90 endorsements.

Because Defendants were in default, the Court deemed the allegations within Plaintiff's First Amended Complaint [Dkt. 56] as admitted and true.

On March 14, 2023, the Court issued specific Findings of Fact and Conclusions of Law, which are incorporated herein by reference. [Cagle I, Dkt. 142 – 3/14/2023 Findings of Fact and Conclusions of Law]. The Court determined that liability was established by default as to Plaintiff's claims alleging negligent hiring, training, entrustment, retention and maintenance, vicarious liability for the negligence of Defendant Loyola, and for attorney's fees and punitive damages. [Id. at 4-5, § II. Defendants in Default].

The Court expressly stated, "As the defendants are in default, their liability to Plaintiff is deemed established and Plaintiff is not required to further establish his right to recover." [Cagle I, Findings of Fact and Conclusions of Law at 5, § II.

8

Defendants in Default].  In addition, the Court rendered specific factual findings

regarding the nature of the Defendants in Default's business practices pertaining to

their liability for attorney's fees and punitive damages.  [Id. at 5-16].

Of import here, the Court made the following findings and legal

conclusions:

### All Defendants in Default

57. On July 16, 2019, the day of Plaintiff's wreck, all Defendants in Default were engaged in interstate commerce as a motor carrier.

58. On July 16, 2019, the day of Plaintiff's wreck, all Defendants in Default were engaged in carrying property in interstate commerce.

59. On July 16, 2019, the day of Plaintiff's wreck, all Defendants in Default were operating a commercial motor vehicle.

60. On July 16, 2019, the day of Plaintiff's wreck, all Defendants in Default knew Defendant Loyola could not read or write English.

61. On July 16, 2019, the day of Plaintiff's wreck, Plaintiff was a member of the public.

[Cagle I, Findings of Fact and Conclusions of Law at 16, § II. Defendants in

Default, ¶¶ 57-61].

Significantly, the Court's findings included that the Defendants in Default

engaged in a practice known as "chameleon carriers" to attempt to evade the

requirements of the Federal Motor Carrier Safety Act. [Cagle I, Findings of Fact

9

and Conclusions of Law at 40, § III. Punitive Damages, ¶ 33]. This finding was because Defendants in Default utilized "joint ownership, common management, common control, and familial relationships" to operate motor carriers such that Defendants in Default should not be able to avoid liability through the machinations of stopping and starting companies. [Id.].

The Court found that "Defendants in Default are liable for the damages arising from their own negligence, ***and because they employed Loyola at the time of the accident, they are also vicariously liable to Plaintiff for Loyola's liability.***" [Cagle I, Findings of Fact and Conclusions of Law at 42, § III. Punitive Damages, ¶ 36 (emphasis added); Conclusions of Law Relating to Damages at 43, Summary of Damages/Judgment, ¶ 39].

In addition, the Court found that, notwithstanding vicarious liability, apportionment of fault was required. See O.C.G.A. § 51-12-33(b). The total judgment against Defendants in Default, including One Way, was determined to be **$4,565,120.42, plus interest**. [Cagle I, Findings of Fact and Conclusions of Law at 43, Summary of Damages/Judgment, ¶¶ 37-40].

The Court was not asked to determine applicability of the various MCS-90 endorsements in Cagle I.

## II.    <u>Cagle II</u>

In the instant case, the only question is whether Cagle is entitled to recover from Old Republic and National Indemnity for the Final Judgment entered in <u>Cagle I</u> on their respective MCS-90 Endorsements issued to One Way.

On February 5, 2024, Cagle moved for summary judgment. [<u>Dkt. 47</u>]. In response, Old Republic argued (1) that the Court's <u>Cagle I</u> findings do not establish that application of its MCS-90 endorsement is triggered; and (2) that Old Republic should be permitted to explore the relationships between the Defendants in Default as well as viability of its affirmative defense of fraud. [<u>Dkt. 58</u>]. Old Republic suggested that the Court had not conclusively established in <u>Cagle I</u> who the "for-hire motor carrier" ("FHMC") was at the time of the Accident.  <u>See</u> <u>49 C.F.R. § 387.5</u>.[6]

As emphasized by Cagle, the Court had previously determined that, on the day of the Accident, the Defendants in Default were "engaged in interstate commerce as a motor carrier[,] "engaged in carrying property in interstate

_____

[6] Federal regulations define a for-hire motor carrier as a carrier in "the business of transporting, for compensation, the goods or property of another." <u>49 C.F.R. § 387.5</u>.

11

commerce[,]" and "operating a commercial motor vehicle." [Cagle I, Findings of Fact and Conclusions of Law at 16, § II. Defendants in Default, ¶¶ 57-59]. The Court had also determined that Cagle was a member of the public. [Id., ¶ 61].

On March 29, 2024, Old Republic filed a Certificate of Service representing service of Notices to Take Videotaped Depositions and Subpoenas on One Way, Loyola, Calzada-Cordero, Ms. Cordero, and Calzada. [Dkt. 68]. Cagle objected, and the Court heard from counsel for both sides in a telephone conference on April 1, 2024.

On April 2, 2024, the Court authorized limited, targeted discovery requested by Old Republic. [Dkt. 71 – 4/2/2024 Order]. The purpose of allowing discovery was to allow the parties to further develop the record as related to application of Old Republic's MCS-90 endorsement. [Id.]. The Court also deferred ruling on Plaintiff's Motion for Summary Judgment [Dkt. 47] pursuant to FED. R. CIV. P. 56(d) and denied the motion without prejudice, with leave to renew upon completion of discovery. [Id.].

Following an attempt to strike Old Republic's affirmative defense alleging fraud (Tenth Defense) [Dkt. 38], Old Republic moved for leave to file a Second Amended Answer & Defenses [Dkt. 40]. The Court granted leave [Dkt.

78], and Old Republic's Second Amended Answer & Defenses ("Second Amended Answer") [Dkt. 79] was filed May 16, 2024.

Cagle contends that the Court's findings in the underlying case or Cagle I were, and still are, sufficient to entitle him to judgment as a matter of law.

National Indemnity argues that it is entitled to judgment as a matter of law in that the underlying judgment entered against One Way in Cagle I does not trigger any MCS-90 exposure. Alternatively, National Indemnity contends that, even if One Way's MCS-90 is implicated, the exposure is Old Republic's alone. National Indemnity asserts that Old Republic's MCS-90 replaced National Indemnity's and that its policy was no longer in effect on the date of the Accident.

Old Republic also seeks judgment as a matter of law and contends that its policy and MCS-90 endorsement was void as a result of fraud by One Way in securing coverage.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (amended 2010). Rule 56(a) "mandates the entry of summary

13

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion.  See Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986).

The movant bears the initial burden of asserting the basis of his motion, and that burden is a light one.  See Celotex, 106 S. Ct. at 2553.  The movant is not required to negate his opponent's claim.  See id.  Rather, the movant may discharge this burden merely by "'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id. at 2554.

When evaluating a motion for summary judgment, the court must view the evidence and factual inferences in the light most favorable to the nonmoving party. See Blue v. Lopez, 901 F.3d 1352, 1357 (11th Cir. 2018); Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1309 (11th Cir. 2001).  However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp., 106 S. Ct. 1348, 1356 (1986). Instead, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007) (citing Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990)).

"Finally, the filing of cross-motions for summary judgment does not give rise to any presumption that no genuine issues of material fact exist." 3D Medical Imaging Sys., LLC v. Visage Imaging, Inc., 228 F. Supp. 3d 1331, 1336 (N.D. Ga. 2017). The Rule 56 standard is applied to cross-motions for summary judgment just as if only one party had moved for summary judgment and "simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." Yager v. Lockheed Martin Corp., 2016 WL 319858, at *3 (N.D. Ga. January 26, 2016) (citation and internal quotation marks omitted); and see Shaw Constructors v. ICF Kaiser Eng'rs, Inc., 395 F.3d 533, 538–39 (5th Cir. 2004) ("Cross-motions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.") (citation omitted).

15

## DISCUSSION

## I.    Statutory & Regulatory Framework

"The Motor Carrier Act of 1980 ["MCA"], in addition to deregulating the trucking industry and reducing barriers to entry, addressed safety issues and financial responsibility for trucking accidents."  Nat'l Specialty Ins. Co. v. Martin-Vegue, 644 Fed. Appx. 900, 906 (11th Cir. 2016) (citing Carolina Cas. Ins. Co. v. Yeates, 584 F.3d 868, 873 (10th Cir. 2009)).  "In particular, Congress addressed the use by motor carriers of leased or borrowed vehicles to avoid financial responsibility for accidents that occurred while goods were being transported in interstate commerce."  Id. (citation and quotations omitted).

Together, the MCA, 49 U.S.C. § 10101, *et seq*., and regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"), require interstate motor carriers to obtain "a special endorsement ... providing that the insurer will pay within policy limits any judgment recovered against the insured motor carrier for liability resulting from the carrier's negligence, whether or not the vehicle involved in the accident is specifically described in the policy." Yeates, 584 F.3d at 873-74 (citation omitted); accord Waters v. Miller, 560 F. Supp. 2d 1318, 1320 (M.D. Ga. 2008) (citation omitted).  "[T]he MCA provides that a commercial motor carrier may operate only if registered to

16

do so, 49 U.S.C. § 13901, and must be 'willing and able to comply with ...

[certain] *minimum financial responsibility requirements*[.]'" Yeates, 584 F.3d at

874 (quoting § 13902(a)(1) (emphasis added)).

"[A] motor carrier can establish proof of the requisite financial

responsibility in one of three ways—(1) by an MCS–90 endorsement, (2) by a

surety bond, or (3) by self-insurance." Yeates, 584 F.3d at 875 (quoting 49

C.F.R. § 387.7(d)(1)-(3)).  The most common means to establish proof of

financial responsibility is the MCS-90 endorsement.[7]  [Dkt. 101 at 6 and n.5

(citation omitted)].

---

[7] The MCS-90 option requires the public filing of a certificate of insurance with the
U.S. Department of Transportation, i.e., a BMC 91 or BMC 91x, as well as the
Form MCS-90 that is added to the base or auto liability policy.  49 C.F.R. §
387.313T(a)(2)(i). The specific form of the MCS-90 endorsement is prescribed by
regulations implementing the MCA. See Martin-Vegue, 644 Fed. Appx. at 906.
The MCS-90 endorsement must provide, in part:

> In consideration of the premium stated in the policy to which this
> endorsement is attached, the insurer (the company) agrees to pay,
> within the limits of liability described herein, any final judgment
> recovered against the insured for public liability resulting from
> negligence in the operation, maintenance or use of motor vehicles
> subject to the financial responsibility requirements of sections 29 and
> 30 of the [MCA] regardless of whether or not each motor vehicle is
> specifically described in the policy and whether or not such
> negligence occurs on any route or in any territory authorized to be
> served by the insured or elsewhere.

17

"While the Eleventh Circuit has not extensively analyzed this endorsement, a majority of courts treat the insurer's obligation under the MCS-90 endorsement as one of a surety."  Martin-Vegue, 644 Fed. Appx. at 906 (quoting Yeates, 584 F.3d at 878) (internal quotation marks omitted).

In Yeates, the Tenth Circuit Court of Appeals clarified the key differences between a motor carrier's underlying liability policy and the MCS-90 endorsement.  An insurer's obligations under an MCS–90 endorsement "impose different obligations based on different requirements" from those under a policy's indemnification clause.  Yeates, 584 F.3d at 882. In other words, there are "two types of protection at play when a motor carrier is responsible for an accident causing injury to a member of the public[:]" (1) a public financial responsibility; and (2) an insurance liability.  Id. at 882-83.

The MCS-90 endorsement is meant to protect the public.  In sum, the MCS-90 endorsement is essentially "suretyship by the insurance carrier to protect the public" and "a safety net" that provides recourse from negligent authorized interstate carriers "when other coverage is lacking." Waters, 560 F. Supp. 2d at 1321 (citation and quotations omitted); see also §

_____

49 C.F.R. § 387.15.

3:4. The MCS-90 endorsement: *Generally, Litigating Truck Accident Cases* § 3:4 (describing MCS-90 as "a stop-gap source of coverage when an insurance policy otherwise would not apply to a particular vehicle").

Two conditions trigger the insurer's obligation to pay under the MCS-90: "(1) the underlying insurance policy to which the endorsement is attached does not otherwise provide coverage, and (2) either no other insurer is available to satisfy the judgment against the motor carrier, or the motor carrier's insurance coverage is insufficient to satisfy the federally-prescribed minimum levels of financial responsibility." Yeates, 584 F.3d at 881-82.

"[W]hether the MCS-90 endorsement provides coverage is governed by federal law." Wesco Ins. Co. v. Rich, 574 F. Supp. 3d 388, 394 (S.D. Miss. 2021) (citation omitted).

## II.    Analysis

Defendants' obligations under the MCS–90 endorsements are informed by the facts proven in Cagle I, the underlying suit. See, e.g., Canal Ins. Co. v. XMEX Transp., LLC, 126 F. Supp. 3d 820, 828-29 (W.D. Tex. 2015) (court "looks first to the 'facts proven in the underlying suit' to determine [insurer]'s obligations under the MCS–90 endorsement") (citation omitted); accord Rich,

19

574 F. Supp. 3d at 394 (MCS-90 endorsement coverage "hinges upon the findings made in the underlying state court negligence action").

National Indemnity was not a party to Cagle I, and Old Republic was dismissed from Cagle I without prejudice prior to the bench trial and before entry of the Court's Factual Findings and Conclusions of Law with reference to the Defendants in Default.[8]

As discussed below, the parties disagree as to what was adjudicated and decided in Cagle I.

Relying primarily on the Calzada Affidavit (and other evidence that was not part of the record in Cagle I), Cagle contends that Loyola was driving on behalf of One Way – not First Time -- at the time of the Accident. [PSMF, ¶ 30; Exhibit 5, Calzada Aff. ¶¶ 5, 10].

Defendants argue that Loyola was driving for First Time, not One Way. In doing so, Defendants rely on findings from Cagle I, namely, that Loyola was "operating the tractor and trailer under the DOT authority for Defendant First

---

[8] Over Plaintiff's forceful objection that the Court's Cagle I Findings of Fact and Conclusions of Law were controlling, this is the reason the Court granted Old Republic's request in April 2024 to engage in limited discovery focused on the FHMC question. [Dkt. 71 – 4/2/2024 Order].

20

Time." In fact, Defendants argue that Cagle is collaterally and judicially estopped from arguing that Loyola was hauling a load for One Way or that One Way leased the Freightliner from King's Way. [Old Republic Resp. PSMF, ¶ 27]. Old Republic contends that, while the Court determined that One Way and others were liable to Cagle in Cagle I, the Court's finding as to liability excluded liability based upon One Way being the "for-hire motor carrier" operating the tractor-trailer on the day of the Accident. [Dkt. 100 – Old Republic Mem. In Opp'n, at 2]. Defendants emphasize that Plaintiff Cagle's legal position on this issue has reversed course since Cagle I and even since the commencement of Cagle II.

The Court first addresses the objections to consideration of the Calzada Affidavit secured by Plaintiff's counsel.

## A. The Calzada Affidavit

Defendants object to consideration of the Calzada Affidavit based, in part, on the fact that Calzada is not fluent in the English language. Defendants also take issue with counsel drafting the affidavit and presenting it to Calzada for execution.[9]  The Calzada Affidavit is competent evidence.

---

[9] Old Republic asserts that the Calzada Affidavit states an impermissible conclusion of law (i.e., One Way was a "for-hire motor carrier" on July 16, 2019) and is not evidence.  [Old Republic Resp. PSMF, ¶ 19].

The first issue, the ability of Calzada to accurately communicate, is readily resolved by the sworn statement of Calzada's attorney, Douglas J. Jeffrey. Jeffrey certified that he is qualified to translate, and did translate, the Affidavit of Ariel Calzada prepared by Plaintiff's counsel for Calzada before he signed and executed said affidavit on July 9, 2024. [Dkt. 104-1, July 29, 2024 Affidavit of Douglas J. Jeffrey, Esq. ("Jeffrey Aff."), ¶¶ 3, 6, 7]. Jeffrey avers that he discussed the contents with Calzada in Spanish, which Calzada acknowledged before him in Spanish as true and correct in all respects. [Jeffrey Aff. ¶ 6].

The second objection is also without merit. See FED. R. CIV. P. 56(c)(4). The mere fact that Plaintiff's counsel prepared the affidavit for Calzada's review and signature does not render it incompetent evidence. See Jett v. Toro, 2023 WL 11761056, at *2 (N.D. Fla. Sept. 21, 2023) (speaking to traditional practice of attorney drafting statement and presenting to affiant for use at summary judgment).

As for the suggestion that Plaintiff's ability to secure the Calzada Affidavit means that Cagle is now colluding with Calzada to Defendants' detriment, there is no support for such a claim. Calzada has had legal

representation and was available and equally accessible to counsel for both sides.  For whatever reason, the defense did not follow through on deposing Calzada.[10]

The Court finds that the Calzada Affidavit is properly considered in analyzing the parties' respective summary judgment motions.[11]

Further, Old Republic's request to reopen discovery to depose Calzada is **Denied**.

Next, the Court considers whether estoppel is applicable here.

## B. Plaintiff is not estopped from pursuing MCS-90 liability from One Way's insurers

As previously noted, the Court's Findings of Fact and Conclusions of Law in Cagle I inform the legal questions presented by Old Republic and

---

[10] Ironically, as recently as April 2024, Old Republic was the party seeking to depose Calzada. Counsel for Old Republic represented its need to depose Calzada as a reason to allow limited discovery and defer ruling on Cagle's original summary judgment motion.

[11] In the event the Court is inclined to consider the Calzada Affidavit, Old Republic requests that the Court reopen and extend discovery and allow Old Republic a second opportunity to depose Calzada before ruling.  [Dkt. 96-1 at 23-24, n.6].

National Indemnity in <u>Cagle II</u>.  Nonetheless, the findings are not as limiting as Old Republic and National Indemnity suggest here.

For the reasons set forth herein, which are fact-specific/unique to this case, the Court finds that collateral estoppel does *not* preclude granting the relief requested by Cagle and requiring Old Republic and/or National Indemnity to honor their respective MCS-90 Endorsements. The Court likewise finds that judicial estoppel does not apply.

### 1.  Estoppel does not apply

Both National Indemnity and Old Republic assert that Cagle should be estopped from now arguing that One Way was the FHMC on the day of the Accident as opposed to First Time.[12]

### a.  Collateral estoppel

"[T]he doctrine of collateral estoppel . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." <u>Kordash v. United States</u>, <u>51 F.4th 1289, 1294</u>

---

[12] In support of its estoppel arguments, Old Republic contends that Cagle's initial position (i.e., that First Time was the FHMC operating the 2014 Freightliner at the time of the Accident) enabled Cagle to secure default judgments against One Way and the other Defendants in Default.  [Old Republic Mem. In Opp'n, at 5].  Old Republic ignores One Way's default and its effect.

(11th Cir. 2022) (citations and internal quotation marks omitted). Collateral

estoppel applies when the following conditions are met:

> (1) the issue at stake is identical to the one involved in the prior
> litigation; (2) the issue was actually litigated in the prior suit; (3)
> the determination of the issue in the prior litigation was a critical
> and necessary part of the judgment in that action; and (4) the party
> against whom the earlier decision is asserted had a full and fair
> opportunity to litigate the issue in the earlier proceeding.

Id. (citing Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC, 702

F.3d 1312, 1318 (11th Cir. 2012)).

### b. Judicial estoppel

Judicial estoppel also lies in equity to "prevent the perversion of the

judicial process" and "protect [its] integrity ... by prohibiting parties from

deliberately changing positions according to the exigencies of the moment."

Slater v. U.S. Steel Corp., 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc)

(citation and internal quotation marks omitted). "[T]he doctrine of judicial

estoppel rests on the principle that absent any good explanation, a party should

not be allowed to gain an advantage by litigation on one theory, and then seek

an inconsistent advantage by pursuing an incompatible theory." Id. at 1180–81

(citation and internal quotation marks omitted); see also Korman v. Iglesias, 778

F. App'x 680, 681–82 (11th Cir. 2019).

25

The Eleventh Circuit "employs a two-part test to guide district courts in applying judicial estoppel: whether (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were calculated to make a mockery of the judicial system." Slater, 871 F.3d at 1181 (citation and internal quotation marks omitted). The litigant's actions (i.e., inconsistent statements) and motive (i.e., whether intent was to make a mockery of the judicial system) are both important.  Slater, 871 F.3d at 1181.

"[W]hen determining whether a plaintiff . . . intended to make a mockery of the judicial system, a district court should consider all the facts and circumstances of the case."  Slater, 871 F.3d at 1176-77.  Appropriate considerations may include "whether the inconsistency is clear, whether the party had success in persuading the earlier court to accept the position, and whether an unfair advantage or detriment would accrue in the present litigation if not estopped."  Korman, 778 F. App'x at 682 (citing Slater, 871 F.3d at 1181).

Application of both doctrines is discretionary. See Deweese v. Town of Palm Beach, 688 F.2d 731, 734 (11th Cir. 1982) (citations omitted) (application

of collateral estoppel is discretionary); and see Slater, 871 F.3d at 1180 n.4

(application of judicial estoppel is reviewed for abuse of discretion).

### c. Analysis

First, because several of the above conditions are not satisfied, collateral

estoppel does not preclude any party in Cagle II from making arguments

concerning which of the Defendants in Default was an FHMC.

Cagle's position in Cagle I was that First Time was the obvious FHMC

responsible for the tractor-trailer driven by Loyola and operating under First

Time's DOT authority.  Defendants are correct that, at the bench trial, Cagle's

counsel proposed and introduced evidence to establish that the MCS-90

endorsements were also in play and available as a means for recovery.

However, Defendants are mistaken in representing that Cagle I determined that

First Time was the *sole* FHMC with exposure for the Accident.

In Cagle I, this Court found *at summary judgment* that, "Mr. Loyola drove

for King's Way, First Time, and One Way, but at the time of the accident, he

was driving under the Department of Transportation authority for First Time."

[Cagle I, 12/6/21 SJ Order at 3].  Even so, the Court did not make findings in

Cagle I concerning the Defendants in Default with respect to FHMC status or

MCS-90 obligations. The only MCS-90 endorsement in question in <u>Cagle I</u> was Wesco's and whether its payment to Wilson satisfied Wesco's MCS-90 obligation.

As presently emphasized by Cagle, the Court did *not* find that First Time was *the only FHMC* on the day of the Accident. Thus, Defendants' argument concerning placard liability, discussed *infra*, does not move the needle.

Secondly, given the facts and circumstances, the Court declines to apply judicial estoppel. Even if Plaintiff's legal argument is deemed to be inconsistent, there is nothing to indicate that Cagle is driven by an improper motive or that the change in position was "calculated to make a mockery of the judicial system." <u>Slater</u>, <u>871 F.3d at 1181</u>. Rather, Cagle proffers new evidence and seeks to recover for his injury and related damages.

The Court, in its discretion, finds that Plaintiff Cagle is not estopped from pursuing MCS-90 liability from Old Republic and National Indemnity.

### C. One Way was operating as a "For-Hire Motor Carrier" on July 16, 2019

The parties agree that One Way was an FHMC generally.[13] What the parties do *not* agree on is whether One Way was the pertinent FHMC, i.e., "the" FHMC for the load Loyola was driving at the time of the Accident. Old Republic and National Indemnity contend that One Way was not *the* relevant FHMC.

It is Plaintiff Cagle's burden to demonstrate that One Way, like First Time, was also an FHMC for purposes of this analysis.  See Auto-Owners Ins. Co. v. Allstate Vehicle & Prop. Ins. Co., 2018 WL 4361196, at *2 (N.D. Ga. Sept. 13, 2018) ("The party claiming insurance coverage exists 'ha[s] the burden of proving [this] under the terms of the policy.'").  In Cagle I, the Court determined the following about ***Defendant One Way***:

> 49. Defendant One Way had previously paid Defendant Loyola by check for services performed prior to the day of the wreck.

---

[13] From 2014 to the present, and including on July 16, 2019, the day of the Accident, One Way has been an FHMC and in the business of being hired to move cargo, engaging in the transportation of goods for compensation.  [PSMF, ¶¶ 16-18].

50. Defendant Loyola did not know what company he was driving for at the time of the wreck, but believed he worked for Defendant Ariel Calzada.

51. Defendant Loyola would arrive at the truck yard and Defendant Ariel Calzada would assign Defendant Loyola a truck to drive and provide instructions for the load Defendant Loyola was to haul.

[Cagle I, Findings of Fact and Conclusions of Law at 14, § II. Defendants in Default, ¶¶ 49-51].

Viewing the facts in the light most favorable to Defendants Old Republic and National Indemnity, a reasonable jury could find that on July 16, 2019, the day of the Accident, Loyola was operating the Freightliner on behalf of One Way and/or First Time given that One Way was the entity leasing the 2014 Freightliner, that Loyola was directed to drive the load by Calzada, the former leader or operations manager of One Way, and that Loyola was consistently compensated by One Way for driving in the five-plus months preceding the Accident.

### i.    One Way was leasing the 2014 Freightliner from King's Way

Cagle produces a Lease Agreement dated January 20, 2019 and entered into between One Way and Kings Way revealing that One Way was leasing the

Freightliner involved in the Accident from Kings Way.  [PSMF, ¶ 27; Exhibit 5, Calzada Aff. ¶ 3; 1/20/2019 Lease Agreement].  Calzada avers that he had personal knowledge of the Lease Agreement and confirms this fact.  [Calzada Aff. ¶ 3].

The 1/20/2019 Lease Agreement shows that One Way was the Defendant in Default entity ultimately responsible for the 2014 Freightliner on the day of the Accident.

According to Old Republic, at best, the Lease Agreement creates a genuine issue of fact defeating summary judgment on the FHMC question because the signature of Ms. Cordero is unauthenticated.  [Dkt. 100 at 9-10; [6/6/24 Deposition of Isabel Cordero ("Cordero Dep.") at 44].[14]

---

[14] When asked about the Lease Agreement (identified as Defendant Exhibit 11), Ms. Cordero testified as follows:

> Q. Ms. Isabel, can you tell me whose signature that is at the bottom of Document 11?
> A. Mine -- let me check. That looks like my signature, but I've never done it like this.
>
> THE WITNESS: I've never ended with a K in my signature. The beginning, yes, it looks like it. But that ending of the signature, no.

[Cordero Dep. at 44:11-19].

When deposed, Ms. Cordero explained that she was not involved in leasing the Freightliner from King's Way – and not employed or involved in One Way's operations in any meaningful capacity.  When asked specifically about ever working for One Way, Ms. Cordero answered in the negative, and she testified that

31

### ii.    Evidence concerning securing the load & driver assignment

Cagle contends that One Way accepted and secured the load involved in the wreck from the broker load board on behalf of One Way as an FHMC. [PSMF, ¶ 30; Exhibit 5, Calzada Aff. ¶¶ 4, 5, 10; Old Republic Resp. PSMF, ¶ 30 (denied, collateral estoppel, best evidence rule)]. According to Calzada, One Way secured the load involved in the Accident using the broker load board on behalf of One Way as a FHMC, and Loyola was directed by One Way to drive the same load on One Way's behalf.  [Calzada Aff. ¶¶ 4-6, 9-10].

As manager of One Way, Calzada played an active role in securing freight, assigning drivers, and acquiring the load involved in the July 16, 2019 wreck that precipitated this litigation. [PSMF, ¶ 26].  Calzada's role, and especially his role securing loads and assigning drivers, is corroborated by the deposition testimony of both Ms. Cordero and Calzada-Cordero. [PSMF, ¶ 22].[15]  Cagle presents

---

her former husband, Calzada, "was the one who had [her] on the documents." [Cordero Dep.at 9, 40 (named an officer / president)]. Ms. Cordero also denied being responsible for purchasing or leasing vehicles for One Way. [Cordero Dep. at 10].

Old Republic also identifies evidence of First Time's use of the Freightliner during the lease period, which is consistent with the findings made in Cagle I.

[15] Calzada-Cordero testified that, in 2019 or presently, his father, Calzada, would typically tell him what driver is assigned to take a load. [Old Republic Resp.

competent evidence that One Way secured its freight for transport by accessing a load board populated by a broker. [PSMF, ¶ 29].[16] Cagle also asserts that Calzada assigned the load involved in the wreck to Loyola.  [PSMF, ¶ 31].

### iii.    One Way's payments to Loyola

The parties disagree as to whether Loyola was an employee of One Way on July 16, 2019.  [PSMF, ¶ 25; Old Republic Resp. PSMF, ¶ 25].  It is true that Loyola testified that he did not know what company he was driving for on the date of the Accident. [Old Republic Resp. PSMF, ¶¶ 23, 25].  Loyola testified that he worked for Calzada and had done so for several years. [Dkt. 102-12, Exhibit 12 -- 8/18/2021 Deposition of Isidro Alex Lobaina Loyola ("8/18/2021 Loyola Dep."), at 3].  Loyola also testified that he believed he picked up the load in South Carolina in King's Way's name, but then put First Time's placard on the truck.  [Loyola Dep. at 3-4].  Loyola stated that he was not paid for the load that he picked up on July 16, 2019.  [Loyola Dep. at 4]. However, as previously noted, the Court found in Cagle I that Loyola was an employee of all Defendants in Default, including First Time and One Way.

---

PSMF, ¶ 22]. However, Calzada-Cordero could not recall which motor carrier Loyola was supposed to drive for on July 16, 2019.

[16] There is no bill of lading in the record for this load. One Way does not know if a bill of lading exists.  [Old Republic SOMF ¶ 28; Cagle Resp. ¶ 28].

33

Evidence obtained in the instant action from Calzada confirms that Loyola regularly drove on behalf of One Way in some capacity. Calzada avers that he would pay drivers for their services on behalf of One Way and maintained a payment ledger for One Way's drivers, including Loyola. [PSMF, ¶ 23]. A payment ledger kept in One Way's ordinary course of business reflects numerous payments made by check to Loyola as a driver for One Way between February 1, 2019 and July 15, 2019. [PSMF, ¶ 33; Dkt. 90-5, Exhibit 19 – Payment Ledger].

Although One Way has not produced any payment records for the date of the Accident, Cagle asserts that payment was not made to Loyola for driving July 16, 2019 because of the Accident and his failure to complete the drive. [Calzada Aff. ¶ 13]. Defendants balk and suggest that, regardless, Loyola was legally entitled to minimum wage for his work on July 16, 2019. Defendants posit that payment records reflecting said payment to Loyola should have been produced.

While not determinative of Loyola's status the day of the Accident, the payment records establish that One Way was paying Loyola in the months and the day prior to July 16, 2019.

### iv. "Placard liability"

It is undisputed that, at the time of the Accident, the 2014 Freightliner involved in the Accident was displaying a placard with the "First Time" name

on it. Thus, National Indemnity and Old Republic rely on "placard liability" to assert that One Way's MCS-90 endorsements are not at issue.[17] Both insurers contend that, because the Freightliner driven by Loyola was displaying the placard for First Time at the time of the Accident, the Freightliner was not being operated under One Way's authority at the time of the Accident. [Old Republic Resp. PSMF ¶ 16; Old Republic SOMF, at ¶¶ 3-4, 7-8, 17-20, 22-23].

However, "[p]lacard liability is not exclusive." National Am. Ins. Co. v. Artisan and Truckers Cas. Co., 796 F.3d 717, 724 (7th Cir. 2015). Instead of a conclusive fact, identification of a carrier's placard or logo is merely "a good starting point for a plaintiff[.]" Nat'l Am. Ins. Co., 796 F.3d at 724 (citing Great W. Cas. Co. v. Nat'l Cas. Co., 53 F.Supp.3d 1154, 1179 (D.N.D. 2014)).  As explained by the Seventh Circuit, "the overarching purpose of placard liability is to provide an injured party with a quickly identifiable and financially accountable source of compensation." Id. (quoting R. Clay Porter & Elenore Cotter Klingler, *The Mythology of Logo Liability: An Analysis of Competing Paradigms of Lease Liability for Motor Carriers,* 33 Transp. L.J. 1, 7 (2005)

---

[17] One Way does not know who placed the First Time decal on the tractor-trailer involved in the Accident.  [Old Republic SOMF, ¶ 28 at 12; Pl. Resp. SOMF, ¶ 28].

(quoting <u>Carolina Cas. Ins. Co. v. Ins. Co. of N. Am.</u>, <u>595 F.2d 128, 137</u> (3d

Cir. 1979))).  The doctrine "hold[s] federally authorized carriers ... that are

licensed by the United States Department of Transportation (USDOT) and

display their USDOT certificate number on their trucks, vicariously liable for

the negligence of drivers operating under a lease." <u>Id.</u> (citation and internal

quotation marks omitted).  Even so, the ability to quickly identify and bring suit

against the company whose placard appeared on a vehicle involved in an

accident does not mean that the injured party-plaintiff cannot sue and seek to

recover from others who may also be at fault.  <u>Id.</u> at 724-25 ("plaintiffs are free

to raise claims against other alleged tortfeasors, be they joint or solo").  In other

words, the display of a placard on a vehicle is not determinative as to liability.

<u>Id.</u> at 725 (citations omitted) (rejecting position that placard liability is the sole

means of recovery).

Moreover, as explained, *infra*, operating under the "authority" of an

FHMC is not a defining element of the MCS-90 endorsement analysis and does

not preclude the liability of multiple FHMCs.  [<u>Dkt. 104 at 20</u> n.4].

36

###### v. **Conclusion**

Acknowledging the lack of evidence of payments to Loyola by One Way for the day of the Accident and the displaying of the "First Time" placard, the Court nonetheless finds that undisputed evidence in the case supports the finding that One Way has FHMC status with respect to Accident.  In so finding, the Court considers evidence that informs the FHMC inquiry, including the Calzada Affidavit and additional evidence (i.e., 1/20/2019 Lease Agreement) not obtained or presented in Cagle I. This evidence includes Loyola's history of employment with One Way and Calzada's statement that Loyola was employed by One Way on the day of the Accident; that the Freightliner was under a lease from Kings Way to One Way on the day of the Accident; that One Way accepted and secured the load involved in the wreck from the broker load board as an FHMC; and Calzada's statement that Loyola was hauling the load for One Way.

Even if an issue of fact existed as to this question, the Court's previous findings contemplated vicarious liability (and joint and several liability) for the

Defendants in Default.[18]  In so finding, the Court determined that Loyola drove for both One Way and First Time and that both entities "employed" Loyola. [Cagle I, Findings of Fact and Conclusions of Law at 42].  Thus, both First Time and One Way are jointly and severally liable for the Final Judgment in Cagle I.

As a result, unless Old Republic or National Indemnity can demonstrate as a matter of law that their MCS-90 endorsements were not in effect at the time of the Accident, potentially, both have exposure for satisfying the Final Judgment.

The Court next considers whether both MCS-90 endorsements were in effect at the time of the Accident.

**D. National Indemnity's MCS-90 was in effect on July 16, 2019**

The National Indemnity Policy issued to One Way, No. 74TRS100541, with the attached MCS-90 endorsement, provided coverage from May 5, 2019 through May 5, 2020.  [PSMF, ¶¶ 1-3]. The National Indemnity Policy was canceled effective November 3, 2019, prior to the May 2020 expiration date but

---

[18] On this record, Old Republic's contention that "[t]here is no evidence that First Time and One Way mutually combined their property or labor in a joint undertaking" is not well taken.  [Old Republic Mem. In Supp. SJ at 14 n. 4].

after the Accident.  [PSMF, ¶ 5]. National Indemnity subsequently issued a pro-rata return of premium to One Way for the period between November 3, 2019 through May 5, 2020.  [PSMF, ¶ 6].

As previously noted, the Old Republic Policy, No. Z-35726, was requested and issued in August 2019. [PSMF, ¶ 7]. However, the Old Republic Policy and BMC-91X form both had an effective date of June 14, 2019. [PSMF, ¶ 7, 8].

National Indemnity suggests that the Old Republic Policy to One Way superseded or replaced the National Indemnity Policy. However, neither the facts nor applicable law support this position. Cagle asserts that Old Republic's MCS-90 was meant to supplement National Indemnity's coverage as opposed to replace National Indemnity as surety.  [Dkt. 104 at 18].

National Indemnity admits that it did not decide to cancel its MCS-90 endorsement before the July 16, 2019 wreck.  [Dkt. 90-8 – NI Resp. to Pl. RFA, at ¶ 2.  Pursuant to the FMCSA and governing regulations, a formal written cancellation of the policy was required.  See 49 C.F.R. § 387.313(d). And, in fact, National Indemnity did not take any steps to cancel its MCS-90 endorsement prior to July 16, 2019.  [Dkt. 90-8 at ¶ 1].

Similarly, in order for Old Republic's MCS-90 to replace the NI Policy, 42 C.F.R. § 387.313(e) required a "replacement certificate" of insurance or bond to be filed.  Old Republic did not follow the prescribed replacement procedure outlined in § 387.313.  The record also makes plain that Old Republic made its financial responsibility filings due to the additional trucks One Way leased from Ryder.

Absent a proper cancellation or replacement, the National Indemnity Policy remained in effect on the date of Cagle's crash. See generally Luizzi v. Pro Transp. Inc., 548 F. Supp. 2d 1, 20-21 (E.D.N.Y. 2008) (applying New Jersey law to determine effectiveness of Notice of Cancellation; finding that cancellation was not effective given insurer's failure to comply with statutory procedures and that policy remained in effect on accident date; discussing whether refund of premium was relevant under state law).[19]

---

[19] Luizzi v. Pro Transp. Inc., 548 F. Supp. 2d 1, 19 (E.D.N.Y. 2008) (citation omitted) (discussing general rule in the Second Circuit, namely, "that return of unearned premiums is a condition precedent to cancellation of an insurance policy ... except where the insurance contract specifies otherwise[,]" as well as New Jersey state law that seemed to hold that refund of unearned premium did not affect cancellation).

Moreover, as stated above, in exchange for its MCS-90 endorsement, National Indemnity was paid an annual premium by One Way in May 2019. National Indemnity canceled its policy and endorsement, effective November 3, 2019, but did not refund One Way for the portion of One Way's premium paid through the cancelation date. The pro-rata premium refund for the unused portion of the National Indemnity Policy did not include the time period between the day of the Accident on July 16, 2019 and November 3, 2019. [Dkt. 104 at 19 n.3]. In other words, National Indemnity was compensated by One Way to serve as surety through November 3, 2019.

Accordingly, the Court finds that the National Indemnity Policy and MCS-90 endorsement were still in effect on the date of the Accident.

### E. Is there any genuine issue of material fact as to Old Republic's Tenth Defense?

Old Republic's Tenth Defense is premised on an alleged omission, i.e., failure to disclose the July 16, 2019 Accident when seeking coverage. [Old Republic Second Amended Answer & Defenses at 3-4, Tenth Defense].[20] In

---

[20] Old Republic's Tenth Defense reads:

> The MCS-90 Endorsement pertaining to One Way does not apply to
> the Accident or to the related judgment entered against One Way,
> and/or it should be voided, cancelled and/or rescinded, because the

briefing, Old Republic specifically asserts that its Tenth Defense is also based on an alleged misrepresentation made by One Way as to its need and/or reason for securing additional coverage. Old Republic's allegation that One Way obtained the policy and MCS-90 endorsement "though fraud and/or false pretenses" is broad enough to encompass both factual allegations.

Old Republic claims that it is entitled to rescind the Policy (including the attached MCS-90 endorsement) under O.C.G.A. § 33-24-7(b).[21]  [Dkt. 96-1 – Old Republic Mem. In Supp. SJ at 25]. The statute provides that:

> (b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the [insurance] policy or contract unless:
> (1) Fraudulent;

---

endorsement was obtained through fraud and/or false pretenses by One Way, who failed to disclose the Accident to this Defendant. In particular, the MCS-90 endorsement was issued by Old Republic, at the request of One Way, on August 16, 2019, and it was backdated to June 14, 2019, a date prior to the Accident. At no point did One Way notify Old Republic of the Accident, and had it done so, Old Republic would not have back dated the MCS-90 endorsement and the related BMC-91X filing.

[21] Federal subject matter jurisdiction is alleged by Plaintiff under federal law, § 1331, and diversity of citizenship, § 1332. [Dkt. 1 – Complaint, ¶ 8]. The Court, like the parties, applies the substantive law of the State of Georgia in construing and determining application of the insurance policies.  See, e.g., Am. Gen. Life Ins. Co. v. Kleshnina, 640 F. Supp. 3d 1378 (N.D. Ga. 2022) (applying Georgia state law in context of declaratory judgment action seeking to rescind life insurance policy).

42

(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

O.C.G.A. § 33-24-7(b). To warrant rescission, Old Republic need only establish one of the three factors in § 33-24-7(b). This means that Old Republic does not have to establish fraud, or that One Way's representations were fraudulent.

"A misrepresentation or omission is considered material if it 'would influence a prudent insurer in determining whether to accept the risk, or in fixing the amount of the premium in the event of such acceptance.'" Kleshnina, 640 F. Supp. 3d at 1388 (quoting Brown v. JMIC Life Ins. Co., 222 Ga. App. 670, 671 (1996)).  Stated simply, representations made in support of an insurance application are deemed material if they "change[] the nature, extent, or character of the risk." Auto-Owners Ins. Co., 2018 WL 4361196, at *5 (citation omitted) (recognizing that material misrepresentation or omission could impact whether insurance policy would have issued at all).

"Under § 33-24-7(b)(2) and (3), 'it is irrelevant whether an applicant acted in good faith or even had knowledge of the falsity when misrepresenting

43

material facts in procuring insurance coverage.'" <u>Kleshnina</u>, <u>640 F. Supp. 3d at</u>
<u>1385</u> (quoting <u>Nappier v. Allstate Ins. Co.</u>, <u>961 F.2d 168, 170</u> (11th Cir. 1992)).
"What matters is that the representation was objectively false, regardless of the
subjective belief of the insured[.]'" <u>Id.</u> (quoting <u>Worley v. State Farm Mut.</u>
<u>Auto. Ins. Co.</u>, <u>208 Ga. App. 805, 807</u> (1993)).

The next issue for the Court is whether any genuine issue of fact exists
concerning a material omission or misrepresentation made by One Way that
renders the Old Republic Policy void.

### 1.  Material omission

Old Republic contends that failure to disclose the Accident was a material
omission that renders the auto liability insurance policy, Old Republic Policy
No. Z-35726, as well as the attached MCS-90 Endorsement, void as a matter of
law.

Cagle argues that there is no evidence that Calzada-Cordero or Calzada ever
lied (or made affirmative misrepresentations) to Old Republic about the accident at
issue.  [PSMF ¶¶ 36-38]. Cagle specifically represents that, in August 2019, no
representative of Old Republic requested information from either Calzada-Cordero
or Calzada about prior wrecks involving One Way before insuring One Way with
an effective date of June 14, 2019. [PSMF ¶ 37; Exhibit 5, Calzada Aff. ¶ 11;

Exhibit 6, Calzada-Cordero Dep. at 76].[22] Cagle further contends that Old Republic has failed to produce any communications or documents where Old Republic inquired of One Way about accidents prior to Old Republic's issuance of the MCS-90 endorsement.[23]  [PSMF ¶ 41]. Still, there is authority for the proposition that, even "if [One Way] supplied correct information while omitting material facts, there could still be a basis for rescission." Allied Prop. & Cas. Ins. Co. v. Bed Bath & Beyond, Inc., 2014 WL 1292456, at *5 (N.D. Ga. Mar. 31, 2014).

    In reply, Old Republic contends that an obligation to disclose prior known accidents is imposed under common law.  [Old Republic Resp. PSMF ¶ 39]. While Old Republic's primary position is that One Way was not the motor carrier for the Accident, Old Republic argues that, under the law, One Way, if it was the motor carrier for the subject accident and intended to seek MCS-90 protection for the accident, had a legal obligation to disclose the accident to Old Republic. [Old

---

[22] According to Calzada: "In August 2019, no representative of Ryder or Old Republic Insurance Company requested information from me or my son, Yadiel Calzada, about prior wrecks involving One Way before insuring One Way with an effective date of June 14, 2019." [Calzada Aff. ¶ 11].

[23] Old Republic's legal argument would be stronger if there was evidence of a more rigorous application process and inquiry of One Way prior to issuance of the Old Republic Policy.  See 44A Am. Jur. 2d Insurance § 1995 ("the fact that the insurer has demanded answers to specific questions in an application for insurance is, in itself, usually sufficient to establish materiality as a matter of law").

Republic Resp. PSMF ¶ 41].[24]  Regardless, as discussed herein, there is a statutory

obligation under Georgia law, § 33-24-7(b).

"Although the term 'material' only appears in § 33-24-7(b)(2), courts

incorporate an identical standard into claims brought under subsection (b)(3)."

Kleshnina, 640 F. Supp. 3d at 1384–85 (citing Nappier, 961 F.2d at 170 ("The

misrepresented facts must be material for § 33-24-7(b)(3) to apply to bar

recovery."); and then citing Perkins v. Am. Int'l Specialty Lines Ins. Co., 486

B.R. 212, 218 (N.D. Ga. 2012)).

"Ordinarily it is a jury question as to whether a misrepresentation [or

omission] is material, but where the evidence excludes every reasonable

inference except that it was material, it is a question of law for the court." Id. at

1388 (quoting Miller v. Nationwide Ins. Co., 202 Ga. App. 737, 737-38 (1992));

but see Lee v. Mercury Ins. Co. of Georgia, 343 Ga. App. 729, 742 (2017)

("questions of good faith and materiality under OCGA § 33-24-7(b) are mixed

question[s] of law and fact that can be decided as a matter of law if reasonable

---

[24] Neither party has pointed to any language within the Old Republic Policy that limits the insurer's ability to contest the information provided by the applicant (or the insured).  [Dkt. 61-19 – Old Republic Policy, Declarations Page].

minds could not differ on the question") (citations and internal quotation marks omitted).

Here, Cagle finds fault with Old Republic's lax application process while Old Republic accuses One Way of deliberately failing to disclose the Accident. Although One Way's omission is not disputed, Old Republic has not proffered a sworn statement from its underwriter regarding materiality. On these facts, however, the absence of an underwriter affidavit is not dispositive.

Critically, determining materiality is an objective standard. See Auto-Owners Ins. Co., 2018 WL 4361196, at *5 (citation omitted). Viewing the facts in the light most favorable to Plaintiff, no reasonable juror could conclude that One Way's failure to disclose the Accident to Old Republic would not have had a material effect on its decision to issue the Policy. But see Kleshnina, 640 F.Supp.3d at 1388 (observing routine practice for insurer in rescission action to provide a sworn statement from its underwriter describing effect of a misstatement); and see Travelers Home & Marine Ins. Co. v. Patel, 2017 WL 8186618, at *8 (N.D. Ga. Aug. 10, 2017) (finding insured's argument that he did not know that a prior accident would be material to insurer's decision to issue policy "disingenuous"). Similarly, no reasonable juror could conclude that Old

Republic would be willing to back date the Policy to June 2019 had Old Republic been aware of the Accident.

The Court finds, as a matter of law, that One Way's failure to disclose the Accident constitutes a "material" omission.

### 2. Material misrepresentation

Regarding alleged misrepresentation, as an alternative defense theory, Old Republic asserts that One Way (through Calzada and Calzada-Cordero) misrepresented to Ryder that it was seeking MCS-90 surety coverage because its then auto liability insurer (National Indemnity) had advised that it would raise rates or cancel its insurance or charge One Way for vehicles leased through Ryder.[25]  In doing so, One Way did not tell Ryder about operating vehicles that were altogether uninsured.  In other words, Old Republic identifies the alleged misrepresentation as One Way failing to explain the fact that Calzada was running vehicles not covered under the National Indemnity Policy. [Old Republic Resp. PSMF, ¶ 36].

---

[25] The communication between One Way and Ryder regarding One Way's need to secure "double filings" is memorialized in a string of emails dated August 15, 2019. [Dkt. 97-17, Exhibit 15].  Donald B. Golden ("Golden"), Inside Business Development Manager with Ryder, directs his responses to One Way to "Yadiel," (Calzada-Cordero).  [Id.].  There is also a representation from Golden that another Ryder representative (Mario A. Cotarelo) "spoke with [Yadiel's] father" earlier in the week and that they were "working to get everything resolved." [Id. at 4].

The same analysis as above applies concerning Old Republic's contention that One Way misrepresented why it was seeking additional coverage from Old Republic.  See, e.g., Allied Prop. & Cas. Ins. Co. v. Bed Bath & Beyond, Inc., 2014 WL 1292456, at **5-7 (N.D. Ga. Mar. 31, 2014) (citing Perkins, 486 B.R. at 218) (stating that Georgia courts do not distinguish between misrepresentations and omissions under recission statute; and finding recission proper as matter of law under both §§ 33-24-7(b)(2) and (b)(3)). However, the Court need not reach that issue given the finding that One Way's failure to disclose the Accident renders the Old Republic Policy/Surety and MCS-90 void.

### F. Multiple MCS-90 endorsements may apply where multiple FHMCs are liable for a single accident

Finally, Old Republic and National Indemnity contend that the goal of public financial responsibility has been achieved here, rendering both of their MCS-90 endorsements inapplicable.

The Eleventh Circuit has never addressed the question raised, namely, whether multiple MCS-90 endorsements can apply for the same FHMC to satisfy

49

the judgment against a single FHMC. And this Court was not asked to decide the specific issue in Cagle I.[26]

Plaintiff Cagle directs the Court to two decisions that are instructive, but not controlling, on this issue.[27]

First, Cagle cites the Tenth Circuit Court of Appeals in support of the proposition that a payment by another insurer (i.e., Wesco) does not excuse National Indemnity or Old Republic.  See, e.g., Herrod v. Wilshire Ins. Co., 499 F.

---

[26] In Cagle I, in response to Cagle's fairness argument related to the possibility of Wesco's MCS-90 obligation being met by payment solely to Wilson, the undersigned stated:

> Nothing in the text of the Motor Carrier Act requires an insurer to ensure that the $750,000 surety is distributed among multiple plaintiffs for their claims stemming from the same accident. And, similarly, nothing prohibits an insurer from settling a case with one plaintiff for an amount that exhausts the MCS-90 endorsement even though the insurer knows that another plaintiff is also seeking damages resulting from the same accident.  ***Congress could have structured the Motor Carrier Act in a way that avoided these potentially unfair outcomes and provided some measure of financial relief to multiple plaintiffs for their claims stemming from the same accident.  But it did not, and this Court cannot interpret and apply the Motor Carrier Act in any way other than how it is written.***

[Cagle I, Dkt. 111 – 12/6/2021 Order at 13-14].

[27] Both decisions were cited with approval and consistent with Cagle's interpretation in Cagle I.

App'x 753, 757 (10th Cir. 2012) ("[W]e perceive nothing in the MCS–90 endorsement, the MCA, or the relevant regulations that would suggest that a motor carrier's MCS–90 insurer may avoid paying a negligence judgment entered against its insured on the basis that the injured member of the public has received compensation from a different motor carrier's insurer in settlement of claims against that motor carrier.")  In Herrod, the Tenth Circuit affirmed the trial court's ruling that the financial responsibility requirements of the MCS-90 apply individually to each motor carrier. Id.; and see Carolina Casualty Ins. Co. v. E.C. Trucking, 396 F.3d 837, 842 (7th Cir. 2005) (holding that insurer's MCS-90 obligation was triggered and available to plaintiff, an injured member of the public, for final judgment rendered against its insured notwithstanding payment of other amounts received by plaintiffs for the same accident).

Cagle next points to Fairmont Specialty Ins. Co. v. 1039012 Ontario, Inc., 2011 WL 3651333 (N.D. Ind. Aug. 19, 2011), which followed and approved of the rationale in Harrod.  Id., at *4-7.  In Fairmont, the trial court held that, "where two carriers each have an MCS-90 endorsement and each has a judgment against it, each carrier is required to pay out under its MCS-90 endorsement." Id., at *6.  The court found that, because two motor carriers were involved, Yeates had no application.  Id. (citing Herrod, 499 F. App'x at 1317).  Fairmont's MCS-90

51

endorsement was triggered notwithstanding payment by a different insurer (i.e., the lessee / lessor's insurer) on its MCS-90.   Even so, Cagle also concedes that Fairmont can be read to suggest that a limitation may exist on imposing MCS-90 liability on multiple insurers for the same judgment.  [Dkt. 104 at 13].

According to Cagle, Yeates is distinguishable from the facts of this case. [Dkt. 104 at 13].  First, unlike Yeates, there is no insurance policy that has provided coverage for the Freightliner involved in the Accident.  Second, no insurance policy has compensated Cagle for One Way's liability, nor has any surety paid Cagle under any MCS-90 endorsement.

Moreover, cases subsequent to Yeates support Cagle's position. See, e.g., Carolina Casualty Ins. Co. v. Capital Trucking, Inc., 523 F. Supp. 3d 661, 667 (S.D. N.Y. 2021).  According to one secondary source:

> Herrod and Yeates stand for the proposition that each individual motor carrier is obligated to meet the federally mandated minimum independently, regardless of coverage offered by another motor carrier.

§ 3:19. *More than one carrier, Litigating Truck Accident Cases* § 3:19 (quoting Carolina Casualty Ins. Co., 523 F. Supp. 3d at 675).  To summarize, "if there are two (or more) motor carriers operating in interstate commerce involved in a crash, then both (or all) MCS-90 endorsements are valid and enforceable, even if one of

the carriers satisfies the minimum federally mandated coverage for the collision."

Id. § 3:19 (citation omitted).

Having reviewed the caselaw, and in the absence of binding Eleventh Circuit precedent, the Court is persuaded that Cagle has the stronger legal argument on this issue.[28]  The policy and purpose of the MCS-90 endorsement is to protect the public – not the insurers or the insured.  Rather, the MCS-90 is required to avoid a member of the public (like Cagle) from not being compensated solely because there is no coverage to an insured under an insurance policy.

Contrary to the arguments of Old Republic and National Indemnity, the Court finds on this record that triggering both endorsements would be, in fact,

---

[28] The Court's decision in Cagle I granting summary judgment in favor of Wesco alluded to this. While discussing Fairmont & Herrod, the undersigned noted that:

> [T]he courts in these cases held that multiple sureties were available for payment to plaintiffs because multiple interstate motor carriers— and therefore multiple MCS-90 endorsements—were involved.  Each of the carriers was responsible for paying up to the amount specified under its own MCS-90 endorsement, and one carrier's obligation was not terminated simply because another carrier exhausted its own obligation.  Accordingly, although multiple MCS-90 sureties were paid, they were paid by separate motor carriers.

[Cagle I, Dkt. 111 – 12/6/21 Order at 15-16].

more consistent with the objective and purpose of the MCS-90 than limiting the recovery of Cagle. Plaintiff's counsel is correct that multiple carriers / FHMCs were found liable. One Way was one of several. The fact that First Time / Wesco's MCS-90 was paid to another injured member of the public does not excuse One Way or its insurers.

Moreover, in this MCS-90 context, Old Republic and National Indemnity are sureties. They are not traditional insurance providers. There is no windfall to Cagle; no double insurance payment. As a matter of fact, it is undisputed that, even allowing both endorsements, Cagle will not be fully compensated. One Way's outstanding judgment exceeds the combined total of their MCS-90 endorsements. [Dkt. 101 – National Indemnity Resp. in Opp'n, at 2, n.1].[29]

Both Old Republic and National Indemnity were paid by One Way to bear the risk of an uncovered final judgment against One Way. That is exactly what occurred here. The Court agrees that triggering both MCS-90 endorsements

---

[29] National Indemnity recognizes that, even if both MCS-90 endorsements are paid to Plaintiff Cagle, Old Republic's MCS-90 creates an obligation to pay a judgment up to $1,000,000 and National Indemnity's MCS-90 creates an obligation to pay a judgment up to $75,000. [National Indemnity Statement of Additional Material Facts ("SAMF"), ¶¶ 26, 38].

appropriately shifts the risk of nonpayment to National Indemnity (and Old Republic if the policy were not void) rather than Cagle.

## CONCLUSION

For the foregoing reasons, the Court finds that One Way was operating as a for-hire motor carrier on July 16, 2019 for purposes of evaluating potential MCS-90 endorsement exposure.  Alternatively, the Court finds that the findings of fact and conclusions of law in <u>Cagle I</u> as to the Defendants in Default being vicariously liable, and jointly and severally liable, for Loyola's negligence as well as their own negligence is a sufficient legal basis for triggering One Way's MCS-90 endorsement(s).

In sum, the Court finds, as a matter of law, that One Way's National Indemnity Policy No. 74 TRS 100541 and MCS-90 endorsement remained in effect on July 16, 2019 and that the $750,000 coverage was triggered because there were multiple FHMCs implicated by the Accident, including One Way, because the 2014 Freightliner was not covered by the National Indemnity auto liability policy, and because there is no other insurer available to satisfy the <u>Cagle I</u> judgment against One Way.  The Court further finds that One Way, through its agents and principals, omitted material information in attempting to

secure insurance coverage from Old Republic for its non-Ryder tractor-trailers, including the 2014 Freightliner involved in the Accident, and that the Old Republic Policy No. Z-35726, and attached MCS-90 endorsement, is void as a matter of law.

Accordingly, it is **ORDERED** that Plaintiff Freddie Cagle's Motion (& Renewed Motion) for Summary Judgment [Dkts. 47, 90] is **GRANTED, in part**, and **DENIED, in part.**

It is further **ORDERED** that Defendant Old Republic's Motion for Summary Judgment [Dkt. 96] is **GRANTED**, and Defendant National Indemnity's Motion for Summary Judgment [Dkt. 97] is **DENIED**. As such, Plaintiff Cagle is entitled to payment of Defendant National Indemnity's MCS-90 endorsement in the amount of $750,000.

The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 29th day of January, 2025.

_____

**RICHARD W. STORY**
United States District Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

FREDDIE CAGLE,

              Plaintiff,

v.

NATIONAL INDEMNITY
COMPANY OF THE SOUTH, and
OLD REPUBLIC INSURANCE
COMPANY,

              Defendants.

CIVIL ACTION FILE

NO. 2:23-cv-00140-RWS

## J U D G M E N T

This action having come before the court, Honorable Story, Senior United States District Judge, for consideration of Plaintiff's Motion (and Renewed Motion) for Summary Judgment, Defendant Old Republic's Motion for Summary Judgment, and Defendant National Indemnity's Motion for Summary Judgment, and the court having granted, in part, and denied, in part Plaintiff Freddie Cagle's Motion (& Renewed Motion) for Summary Judgment, granted Defendant Old Republic's Motion for Summary Judgment, and denied Defendant National Indemnity's Motion for Summary Judgment, it is

Ordered and Adjudged that Plaintiff Cagle is entitled to payment of Defendant National Indemnity's MCS-90 endorsement in the amount of $750,000, and the action be, and the same hereby, is dismissed.

Dated at Gainesville, Georgia, this 29th day of January, 2025.

              KEVIN P. WEIMER
              CLERK OF COURT

By: <u>s/Shane Gazaway</u>
            Deputy Clerk

Prepared, Filed and Entered
In the Clerk's Office
    January 29, 2025
Kevin P. Weimer
Clerk of Court
By:<u> s/Shane Gazaway</u>
       Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

FREDDIE CAGLE,                        )
                                      )
     Plaintiff,              )
                                      )  Civil Action File No.
v.                                    )
                                      )  2:23-cv-140-RWS
NATIONAL INDEMNITY                    )
COMPANY OF THE SOUTH, and             )
OLD REPUBLIC INSURANCE                )
COMPANY,                              )
                                      )
     Defendants.             )


## <u>NOTICE OF CROSS APPEAL</u>

Plaintiff Freddie Cagle gives notice that he cross appeals to the United States Court of Appeals for the Eleventh Circuit from the Court's Order on the parties' motions for summary judgment [Dkt. 113] to the extent that the Court found that Defendant Old Republic Insurance Company established a defense under O.C.G.A. § 33-24-7(b), or related Georgia law, as a matter of law [*see id.* at 41–49, 56] and that Plaintiff Freddie Cagle had not defeated that defense as a matter of law [*see id.*; Dkts. 47, 90 (Pl.'s Mot. for Summ. J)], and to the extent that the Court's rulings on that defense retains any force or is adverse to Plaintiff after the Order on Reconsideration [Dkt. 119] and the Amended Judgment [Dkt. 120].

*[Signature appears on the following page.]*

1

Respectfully submitted this 2nd  day of June, 2025.

**STEWART, MELVIN & FROST, LLP**
*/s/ Mark Alexander, Esq.*
Georgia Bar No. 008930
malexander@smf-law.com
P.O. Box 3280
Gainesville, GA 30503
Telephone: (770) 536-0101
Fax: (678) 207-2002

**TRUCK WRECK JUSTICE, PLLC**
*/s/ Danny R. Ellis, Esquire*
Georgia Bar No. 924074
danny@truckwreckjustice.com
1419 Market Street
Chattanooga, TN 37402
Telephone: (423) 265-2020
Fax: (423) 265-2025

**PRINCENTHAL, MAY & WILSON, LLC**
*/s/ Andrew Gould, Esq.*
Georgia Bar No. 826368
andrew@princemay.com
750 Hammond Dr., Bldg. 12
Sandy Springs, GA 30328
Telephone: (678) 534-1980
Fax: (404) 806-0624

**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing pleading with the Clerk of the Court via the Court's electronic filing system, which will automatically send email notification of such filing to all counsel of record.

This 2nd day of June, 2025.

Respectfully submitted,

**STEWART, MELVIN & FROST, LLP**

By:     ***/s/ Mark Alexander, Esq.***
Mark W. Alexander
Georgia Bar No. 008930
P.O. Box 3280
Gainesville, GA 30503
Telephone: (770) 536-0101
Fax: (678) 207-2002
malexander@smf-law.com

3